### FLYNN ex rel. HAM LOY WONG v. WARD, Commissioner of Immigration.
### No. 3289.

Circuit Court of Appeals, First Circuit.
March 18, 1938.

Walter Bates Farr, of Boston, Mass. (Everett Flint Damon, of Boston, Mass., on the brief), for appellant.

Edward O. Gourdin, Asst. U. S. Atty., of Boston, Mass. (Francis J. W. Ford, U. S. Atty., of Boston, Mass., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

This is an appeal from an order of the District Court dismissing a petition for habeas corpus and remanding the petitioner to the immigration officials for deportation.

The petitioner claims the right to enter this country as a son of Ham Bing Hop, who is concededly a native-born American citizen. The immigration tribunals held that the alleged relationship had not been established. It is the petitioner's contention that an examination of the whole record leaves no room for doubt that the petitioner is the son of his alleged father; and that the immigration officials in reaching a contrary conclusion disregarded obvious facts and acted so arbitrarily and unreasonably that the hearings before them were not due process of law. See Kwock Jan Fat v. White, 253 U.S. 454, 40 S.Ct. 566, 64 L.Ed. 1010; U. S. ex rel. Tisi v. Tod, 264 U.S. 131, 44 S.Ct. 260, 68 L.Ed. 590; Wong Tsick Wye v. Nagle, 9 Cir., 33 F.2d 226; Wong Gook Chun v. Proctor, 9 Cir., 84 F.2d 763.

The record shows that the petitioner originally arrived in this country in 1922 as one of a party of four who said they were brothers and sons of Hong (Ham) Bin Hop. Two of them were examined by immigration inspectors at Montreal and two at New York City,—one being transferred there from Boston. They all testified that they came from the same small village in China and, being examined apart from each other, they described this village and its environs to the most minute details with substantial agreement,—where and what the various houses were, who lived in them, ancestral halls, schools, etc.; and, with equal agreement, the details of the family, its members and connections. There was no conflicting testimony; and the immigration authorities accepted the evidence and admitted the applicants, including the petitioner.

There is no contention,—and there could not be,—that this decision made the matter res adjudicata. Wong Chow Gin v. Cahill, 9 Cir., 79 F.2d 854. The doctrine of res adjudicata does not apply to decisions of administrative tribunals even when, as here, a question of citizenship is involved,—with the rather curious result that, although the petitioner on his admission in 1922 became a citizen of this country and entitled to the rights of a citizen, he was not entitled to re-enter the country after having left it, without again establishing his citizenship de novo. See, also, the recent decision Mock Kee Song v. Cahill, February 25, 1938, 9 Cir., 94 F.2d 975.

In 1933 the petitioner desired to return to China and applied for a return certificate. The immigration authorities, on investigating the application, concluded that the Department had been imposed upon in the proceedings in 1922 and declined to issue a return certificate. The petitioner nevertheless went to China without it, and on returning here in 1937 was refused admittance as above stated. In the present proceeding the immigration officials treated the 1922 proceedings as evidence in the petitioner's favor (Wong Chow Gin v. Cahill, 9 Cir., 79 F.2d 854), and held that facts which had been disclosed in later immigration cases showed that the 1922 proceedings were fraudulent and that the Department had been misled into that decision.

The petitioner's present testimony is in the main in accord with that which he gave in 1922 and in 1933. On certain incidental points there are rather curious inconsistencies, e. g., about his early education. What appears to have led to his rejection was

744

the striking disagreements which developed between his testimony and that given in other proceedings by one of his alleged brothers, Ham Loy Sing, who had been admitted with him in 1922. It is in effect conceded,—and the concession seems unavoidable,—that findings that this alleged brother and the petitioner were not members of the same family and that one of them was an imposter would not be unreasonable. But it is earnestly argued that the evidence clearly shows that the alleged brother Ham Loy Sing is the imposter, that the petitioner's testimony throughout has been consistent on all essential points and bears the stamp of truth; that it clearly shows him to be the son of Hong Bin Hop; and that disregard of the favorable decision of 1922 is not warranted. Without undertaking to go into the minute details of fact on which,— as the question involved is essentially one of credibility,—the case necessarily depends, it must be conceded that the petitioner's story of his alleged father's home and family appears to have many marks of truth. His testimony, however, contains a number of self-contradictions, some of them important on the alleged relationship, and in places shows an apparent disregard for truth. If the admission of the petitioner and his three alleged brothers in 1922 was procured by a conspiracy of fraud and perjury, as the officials believe, the petitioner was certainly party to the conspiracy and his testimony carries little weight. He was the sole witness in his behalf. We are not called upon to say where the truth lies. In view of the doubt and falsehood which cloud the case, it cannot be said to be so obvious that the petitioner is the son of his alleged father that the immigration tribunals were arbitrary and unreasonable in refusing to recognize that fact.

The order of the District Court is affirmed.