## LUM MON SING v. UNITED STATES.
### No. 9798.

Circuit Court of Appeals, Ninth Circuit.
Dec. 2, 1941.

E. J. Botts, of Honolulu, T. H., and Stephen M. White, of San Francisco, Cal., for appellant.

Angus M. Taylor, Jr., U. S. Atty., and Jean Vaughn Gilbert and John E. Parks, Asst. U. S. Attys., all of Honolulu, T. H., Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., and C. L. McKenna, Jr., Asst. U. S. Atty., of Portland, Or., for appellee.

Before GARRECHT, HANEY and HEALY, Circuit Judges.

HANEY, Circuit Judge.

Appellant sought release from custody on a petition for a writ of habeas corpus, and appeals from a judgment dismissing the writ.

Appellant claims to have been born in Honolulu on December 2, 1900, and to have gone to China with his mother on September 19, 1901. He returned to Honolulu on January 8, 1922, and was admitted as a native-born citizen after hearing. In September, 1936, he applied for a Citizen's Return Certificate, which was denied on October 13, 1936. His appeal to the Secretary of Labor was dismissed. He departed for China on January 25, 1937, and returned to Honolulu on January 11, 1941. He was denied admittance into the United States, and his appeal to the Attorney General was subsequently dismissed. He then filed a petition for a writ of habeas corpus in the court below, which was issued, then subsequently dismissed, and this appeal followed.

In 1922, appellant testified in support of his application for admission, that his father was Lum Chin Hock, also known as Lum Bung Leong, who died on October 16, 1902. In 1936, in support of his Citizen's Return Certificate, he testified that his father was Lum Chin Foo, also known as Lum Bung Leong and Lum Chin Hock, who died at King and Punchbowl Streets, Honolulu on October 16, 1902 at the age of 28 of bubonic plague, and was cremated. He presented a death certificate of one Lum Foo also known as Chin Lum Fong, who died at the address mentioned of the same disease at age 41. When the discrepancies as to names and age at death were called to appellant's attention, he asked that the death certificate be disregarded, and later presented a death certificate of his alleged "real father" in the name of Lum Bin Leong, who died at age 40 of beri-beri on August 9, 1901 at the Chinese Hospital, in Honolulu. It now appears that such person was not appellant's father. Appellant testified in support of his application for admission in 1941 that his father was Lum Bung Leong also known as Lum Chin Hock; denied that in 1936 he had testified that his father's name was also Lum Chin Foo; and did not know when his father died.

In 1922, appellant testified that he went to China with his mother on September 19, 1901, and in 1941 he denied he had given such date. It appeared that a woman named Lau She (appellant's alleged mother's name) sailed for China on September 19, 1901, with a male infant a year old, but that appellant was not such infant, and that nine other Chinese had fraudulently claimed to be such infant.

In 1922, Ng San also known as Ng See Kin, and Lum Choy, also known as Lum Choy Do, testified affirmatively that appellant was born in Honolulu, and that they went to a feast, held by appellant's father, when appellant was one month old. In 1941, neither of such witnesses testified, but appellant presented an affidavit of each witness, each of which was a duplicate copy of an affidavit made in 1921, which had been presented at the 1922 hearing. The Board of Special Inquiry, before whom the hearing was held in 1941, point-

 

ed out that Ng San was a witness for a Chinese person who was one of three Chinese who claimed to have departed from the United States as a particular individual. The Board also pointed out that Lum Choy was a witness for a Chinese who was one of eight claimants of a particular departure record, and was also a witness for two Chinese persons who claimed a departure which had been claimed by the subjects of three other files. Both witnesses have been in China since 1930, and were not available to testify at the 1941 hearing.

Finally, appellant's testimony in 1936, did not agree with his testimony in 1922, in particulars such as the following: the date of death of an uncle; the date of death of an uncle's wife; and the names of an uncle's sons.

The Board held that appellant's evidence was insufficient to establish his citizenship, and denied the application for entry into the United States. In his amended petition for a writ of habeas corpus, appellant alleged that the Board was arbitrary and unreasonable in (1) failing to accord faith and credit to its 1922 decision; and (2) rejecting the affidavits of Ng San and Lum Choy as substantial and credible evidence. These points are urged on this appeal.

First. Appellant contends that the determination of citizenship in 1922 created a prima facie case which could only be overcome by evidence. The immigration officials in 1941 considered its decision of 1922. It was required to do no more, and the burden of proof was still on appellant in 1941. Mock Kee Song v. Cahill, 9 Cir., 94 F.2d 975, and cases cited. The distinction therein of Chun Kock Quon v. Proctor, 9 Cir., 92 F.2d 326, relied on by appellant here, is applicable.

Second. Appellant contends that the Board arbitrarily disregarded the two affidavits previously mentioned. Appellee contends that the witnesses who made the affidavits testified that appellant's father died on a date differing from the one testified to by appellant. The record, however, fails to support appellee's contention. The date given by each witness was only approximate.

However, reference to other files of the Board where the same witnesses had testified was sufficient to justify the Board in viewing the evidence with suspicion, because of the nature of the cases in which they had testified. Viewing such evidence with suspicion, the Board was entitled to give but little weight to it, and to hold that it was insufficient to carry appellant's burden. It is the exclusive function of the immigration officials to weigh the evidence. Lum Sha You v. United States, 9 Cir., 82 F.2d 83; Woon Sun Seung v. Proctor, 9 Cir., 99 F.2d 285. We cannot say here, that the immigration officials were arbitrary in refusing to give such affidavits more weight than they did.

Affirmed.