**LEE FONG FOOK v. WIXON, District Director, Immigration and Naturalization Service.**

No. 11860.

United States Court of Appeals Ninth Circuit.

Oct. 25, 1948.

As Amended Nov. 8, 1948.

Gus C. Ringole, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and Edgar R. Bonsall, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Wayne M. Collins, of San Francisco, Cal. (George G. Olshausen and Theodore

Tamba, both of San Francisco, Cal., of counsel), for American Civil Liberties Union of Northern California, amicus curiae.

Before HEALY, BONE, and ORR, Circuit Judges.

PER CURIAM.

Appellant arrived at the port of San Francisco on his return from a visit to China and was there detained by the immigration authorities. After a hearing before a board of special inquiry he was denied admission on a finding that he is an alien immigrant without visa. He thereafter entered an appeal to the Commissioner of Immigration and Naturalization. Pending the appeal he petitioned for a writ of habeas corpus asserting that he is an American citizen by birth and that his detention is unlawful.

The court issued the writ, to which the district director made a return incorporating the evidence taken before the board of special inquiry. No additional evidence was presented and the cause was submitted on the petition, the return, and the traverse. The court, after reciting the evidence bearing on the question of citizenship, denied the petition. D.C., 74 F.Supp. 68. It held that the administrative finding adverse to the petitioner's claim is not reviewable, that is to say, that petitioner is not entitled to a judicial trial. An order of dismissal was entered and the petitioner appeals.

The questions argued on the appeal relate solely to the weight and effect to be given the evidence. For reasons now to be stated we have not considered these questions. In applying for the writ the petitioner claimed that because of his detention he was unable to obtain witnesses in support of his claim of citizenship, and he asked that he be released on bail until the final determination of the administrative and court proceedings. The court thought that due process in the administrative proceeding could not be fully achieved without allowing the petitioner some liberty of action to prepare his case. It felt that his enlargement on bail was an appropriate method of remedying an unfairness not otherwise reachable, and that authority for such enlargement exists in the statute, 28 U.S.C.A. § 2243. Accordingly petitioner's temporary release was directed upon his posting bond in the sum of $1,000. A bond in this amount was posted and the petitioner was released.

In these circumstances we think the court should have deferred decision on the merits.[1] The petitioner having been released on bail to enable him more effectively to pursue his administrative remedy, the better practice would have been to continue the cause before the court until the final determination of the administrative proceeding. Cf. United States v. Sing Tuck, 194 U.S. 161, 24 S.Ct. 621, 48 L.Ed 917. Perhaps the appellate body within the Department, with the aid of such additional evidence as petitioner may abe able to present, will reach a conclusion on the facts favorable to the petitioner, in which event no further recourse to the courts would be necessary. If its decision is unfavorable the court will at least have the benefit of the final views of the Department on the effect of the evidentiary showing.

There is a further reason for believing that the decision on the merits should be vacated. This court has just now held that a resident of the United States, who is excluded at the border, is entitled to a judicial trial of his claim to be a citizen. Carmichael v. Delaney, 9 Cir., 170 F.2d 239. On the facts here appearing the petitioner is entitled to urge that he occupies the status of a resident.

The cause is remanded with directions to vacate the order of dismissal and to continue the cause until the final determination of the administrative proceedings. We have examined the petitioner's bond. Its recitals would seem to make it obligatory on him to appear personally at any and all times he may be required to do so and render himself amenable to the orders and process of the court. However, if it is thought that a bond differing in substance should be supplied the court should take appropriate steps to that end.

---

[1] The reported opinion of the trial judge intimates that such was his purpose, but the judgment actually entered was a final judgment denying the petition.