## UNITED STATES ex rel. CHU LEUNG v. SHAUGHNESSY et al.

United States District Court
S. D. New York.
April 27, 1949.

Samuel B. Wasserman, of New York City, for relator.

John F. X. McGohey, U. S. Atty. for Southern Dist. of New York, of New York City (William J. Sexton, Asst. U. S. Atty. and Alvin Lieberman, Attorney, Dept. of Justice, Immigration and Naturalization Service, both of New York City, of counsel), for respondent.

KAUFMAN, District Judge.

A Board of Special Inquiry has excluded relator from admission to the United States on the ground that he is an immigrant not in possession of a valid immigration visa and not exempted from the presentation thereof. Relator has procured a writ of habeas corpus to test out his right to an independent judicial determination of his claim of citizenship.

On March 14, 1947, relator, a resident of the United States for many years, left this country for a visit to China. He returned on October 7, 1948 and on his arrival applied for admission to the United States as a citizen of this country, claiming to have been born at San Francisco, California on January 3, 1906. He had in his possession a United States passport issued by the Department of State on October 21, 1946, which passport, his attorney concedes, was obtained by fraud.

Hearings were held before a Board of Special Inquiry on October 18 and November 5, 1948 and at the conclusion thereof

926

relator was ordered excluded. This decision was affirmed by the Assistant Commissioner on January 13, 1949 and an appeal to the Board of Immigration Appeals was dismissed on February 9, 1949.

On February 15, 1949 relator obtained a writ of habeas corpus on the ground that the immigration authorities had not given him a fair hearing and that their decision was unfair, arbitrary and an abuse of discretion. This writ was dismissed by order of the court dated March 15, 1949 and on the same day a notice of appeal was filed. Stays of deportation pending the appeal were denied by the Court of Appeals on March 16, 1949 and by the Supreme Court of the United States on March 23, 1949.

Relator relies on Carmichael v. Delaney, 9 Cir., 170 F.2d 239, and Lee Fong Fook v. Wixon, 9 Cir., 170 F.2d 245.

In the Carmichael case, on an appeal taken by the District Director of the Service, the Court of Appeals for the Ninth Circuit had before it for review an order of the District Court finding the relator there an American citizen and discharging him from custody. The Director contended that the administrative finding that relator was not a citizen was final and that the District Court had erred in according relator a judicial retrial of the issue of citizenship. In that case relator had enlisted in the United States Maritime Service and his duties had carried him to foreign ports and war zones. He had resided in this country prior to his enlistment and had enlisted with the intention of returning here, as he did, upon the completion of his service. In these circumstances, the court held that relator's return did not constitute an "entry" within the intendment of the immigration laws and that there could, accordingly, be no valid order of exclusion. The court held, further, that even if it were wrong in thinking that no entry was involved, it did not necessarily follow that the Board's finding of alienage was conclusive. Upon a review of the authorities, the court concluded that the question turned on whether or not relator was a "resident" at the time of his attempted return to this country. If he was, the court held, he had

a constitutional right to a judicial determination of his claim of citizenship (said claim being not a frivolous one), on the ground that jurisdiction in the executive to order deportation exists only if the person arrested is an alien, and that "the claim of citizenship is thus a denial of an essential jurisdictional fact." [170 F.2d 244] A similar conclusion was reached by the same court (though not constituted of the same three judges) in Lee Fong Fook v. Wixon, 9 Cir., 170 F.2d 245.

Relator here is a "resident" in the sense in which that term was used in the Carmichael and Lee Fong Fook cases and if these cases correctly state the law, relator is entitled to a judicial determination of the question of citizenship.

In the opinion in the Carmichael case, the court refers to the opinion of the Court of Appeals in this, the Second, circuit in United States ex rel. Medeiros v. Watkins, 166 F.2d 897, as an opinion which collected and reviewed numerous of the authorities illustrating the rule of "administrative finality obtaining in exclusion cases where citizenship is claimed" and continued, 170 F.2d 239, 244:

"We do not question the rule or suggest the need or desirability of departing from it. Our thought is only that it can not constitutionally be applied to one who is a resident of the United States. As to him, the due process of law guaranteed by the Fifth Amendment would seem to require that his substantially supported claim of citizenship be accorded a judicial trial."

However, it is clear from the opinion in the Medeiros case that the Court of Appeals for this circuit does not accept the "residence" test adopted by the Ninth Circuit and that this circuit is in conflict with the Ninth Circuit on that subject. In that case, the immigration authorities determined, after hearings and appeal, that relator, seeking admission in 1945, was an alien. On a previous occasion, in 1940, a warrant of deportation to Bermuda had been issued after hearings in which it was determined by the immigration authorities that Medeiros had been born there. On that prior occasion, he had entered into an agreement with the authorities to leave

the United States and not to return "without first receiving the permission prescribed by the law and rules." [166 F.2d 899] He then left the country and did not return until 1945. After the determination of a Board of Special Inquiry, which was affirmed by the Board of Immigration Appeals, he sought a writ of habeas corpus on the ground that he could establish citizenship through birth in San Francisco on March 16, 1902. The District Court dismissed the writ, holding his status as a citizen had been decided by a body authorized to make the decision and that his claim of citizenship was "clearly frivolous in view of his acquiescence in his deportation in 1940, his failure to produce any proof of when or where born, and his varying statements upon the subject."

■ The Court of Appeals for this circuit, Judge Frank dissenting, affirmed the order dismissing the writ. Though the Court of Appeals might have put its decision on the ground that relator was not entitled to a judicial determination of his claim of citizenship because he had left this country in 1940, pursuant to the agreement which he then signed and that thereafter he was not a "resident", the Court of Appeals did not do so. On the contrary, the court said, 166 F.2d 897, 899:

"In fact, there is unanimity in the cases that a claim of American citizenship advanced by one applying for admission does not entitle him to a judicial trial of the validity of his claim. Such a person has only the right to a fair hearing by the administrative agency entrusted with the enforcement of the immigration laws. (Citing cases.) At this date it cannot be challenged that the administrative determination on the question of citizenship in an exclusion proceeding is conclusive so long as a fair hearing was had and there has been no application of an erroneous rule of law."

Among the cases cited the Court of Appeals listed several which it described as in the category of "claim of citizenship by birth" and continued, 166 F.2d at page 900:

"In view of this weight of authority no distinction is possible between those exclusion cases where the claim of citizenship is supported by some evidence of residence in the past and those where such element is lacking. * * * Nor does it seem reasonable that the element of residency should add anything to the claimant's right to a court trial."

Continuing, the court said:

"The force of these precedents cannot be dissipated by attempting to distinguish between cases involving races rigorously excluded, such as the Chinese, and those involving other aliens."

■ From the conclusion of the majority, Judge Frank dissented, his view being that the majority, while recognizing that one making a substantial claim of citizenship is entitled to a judicial determination of that question, if the case was one involving deportation, were applying a different rule merely because the case before them was one involving exclusion. It was Judge Frank's opinion that under the authorities, the question of citizenship was one for judicial determination whether the case involved deportation or exclusion. Speaking of a case in which a susbtantial claim of citizenship is asserted, Judge Frank said, 166 F.2d at page 901:

"I think, therefore, that when such a person makes a claim of citizenship supported by such evidence, he should be entitled to a writ of habeas corpus, and a trial de novo of his claim, whether it be made in support of an assertion of a right to re-enter or in defense against a deportation."

Thus, we have a clear conflict between decisions in the Ninth Circuit and the Second Circuit.

Were it not that I feel the determination of the majority in the Medeiros case is binding upon me, I should have come to the conclusion that relator here is entitled to a judicial determination on a trial de novo of his claim of citizenship. In view of the Medeiros case, however, I am constrained to dismiss the writ and do so order.

Settle order on notice.