## UNITED STATES ex rel. VAJTA v. WATKINS.

United States District Court
S. D. New York.
July 11, 1949.

For opinion affirming order, see 179 F.2d
137.

Hyman Margolies, Brooklyn, N. Y., for relator.

John F. X. McGohey, U. S. Atty. for Southern Dist. of N. Y., New York City, William J. Sexton, Asst. U. S. Atty. and Alvin Lieberman, Attorney, U. S. Dept. of Justice Immigration and Naturalization Service, New York City, of counsel, for respondent.

SAMUEL H. KAUFMAN, District Judge.

Relator is a native of territory which is now incorporated in the State of Czechoslovakia. He was last a citizen of Hungary, but claims to have observed his name in-

cluded upon a list of those whom the Hungarian government has deprived of citizenship and consequently asserts his status as stateless. On December 16, 1947, relator entered the United States aboard a plane of Trans-World Airlines. In possession of a nonimmigrant visa issued December 3, 1947 at the American Embassy at Madrid, Spain, he was admitted as a temporary visitor for a six month period expiring on June 16, 1948.

Approximately three weeks after his entry, a warrant of arrest in deportation proceedings was issued charging the relator with having been found in the United States in violation of the immigration laws in that he had made false and misleading statements and had thereby entered without inspection; that he was not in possession of a valid immigration visa and not exempted from the presentation thereof; and that he was a member of one or more classes of aliens excludable by law because his entry would be prejudicial to the interests of the United States.

After lengthy deportation hearings, where there was also lodged the additional charge that relator, at the time of entry, was afflicted with tuberculosis, it was determined by the Chief Examiner and the Assistant Commissioner that the evidence did not support the charge of false and misleading statements, the charge that relator had not been inspected at the time of entry, and the charge that relator was afflicted with tuberculosis. These conclusions were later affirmed by the Board of Immigration Appeals. It was found by the Presiding Inspector and the Assistant Commissioner, however, that relator had advocated and acquiesced in activities contrary to decency in behalf of the Axis countries during the late world war and that consequently relator was subject to deportation under the Immigration Act of 1917, Title 8 U.S.C.A., because "at the time of entry he was a member of one or more classes excludable by law, to wit: The Act of May 22, 1918, Presidential Proclamation 2523 of November 14, 1941 and regulations made thereunder in that he was an alien whose entry would be prejudicial to the interests of the United States."

Section 155 of Title 8 U.S.C.A. provides that "At any time within five years after entry, any alien who at the time of entry was a member of one or more of the classes excluded by law * * *" shall be deported. The finding of the Chief Examiner and the Assistant Commissioner that relator was a member of such a class was reversed by the Board of Immigration Appeals which concluded that the statute, Presidential Proclamation, and administrative regulations relied upon by the Commissioner established no excludable class as such but prescribed only the procedure to be followed in excluding certain groups of aliens. Twice the Board refused to alter its decision. However, upon certification to the Attorney General for review, the Commissioner's decision was approved, while that of the Board reversed. Relator, who has been in custody since January 9, 1948, thereupon brought this writ, claiming that his detention is unlawful and requesting that he be released and afforded a reasonable opportunity by the Immigration Department to depart to a country of his choice without warrant of deportation.

The only question to be decided is whether the Act of May 22, 1918, as amended, 22 U.S.C.A. § 223, the Presidential Proclamation issued thereunder, and the regulations promulgated by the Secretary of State with the concurrence of the Attorney General, designate a class of aliens excluded by law within the meaning of Section 155 of Title 8 U.S.C.A.

The Act of May 22, 1918, as amended, 22 U.S.C.A. § 223, empowers the President, during the national emergency of 1941, or when the United States is at war, or, in the case of aliens, whenever there exists a state of war between two states, to issue such rules and regulations as he shall find the interests of the United States require with regard to the entry and departure of persons into and from this country.

Pursuant to this statutory authority, the President, in 1941, issued Presidential Proclamation No. 2523, 55 Stat. 1696, which, insofar as is relevant here, provided: "No alien shall be permitted to enter the United States if it appears to the satisfaction of the Secretary of State that such entry would

be prejudicial to the interests of the United States as provided in the rules and regulations hereinbefore authorized to be prescribed by the Secretary of State, with the concurrence of the Attorney General."

The rules and regulations of the Secretary of State, issued with the approval of the Attorney General, are contained in Title 8, Code of Federal Regulations. Section 175.53 of that Title establishes, according to its heading, *"Classes of aliens whose entry is deemed to be prejudicial to the public interest."* Permits to enter, under Section 175.52, are to be denied those aliens who it is believed will be adverse to the interests of the United States. And Section 175.57 provides for the temporary exclusion of an alien notwithstanding he be in possession of a valid permit to enter, if it appears that he is or may be excludable under the categories of excluded aliens enumerated in Section 175.53. "Any alien so temporarily excluded by an official of the Department of Justice shall not be admitted and shall be excluded and deported" unless the Attorney General, after consultation with the Secretary of State, is satisfied that his entry will not be prejudicial. Section 175.57 (a). Hearings before a board of special inquiry as to the admissibility of such an alien are not to occur until specifically directed by the Attorney General and "In any special case the alien may be denied a hearing before a board of special inquiry and an appeal from the decision of that board if the Attorney General determines that he is excludable under one of the categories set forth in § 175.53 on the basis of information of a confidential nature, the disclosure of which would be prejudicial to the public interest." Section 175.57(b).

It seems clear that Section 223 of Title 22 U.S.C.A., the Presidential Proclamation issued thereunder, and the above delineated regulations establish what must be denominated a "class" of excludable aliens, namely aliens "prejudicial to the public interest." This class is indeed broad, embracing many sub-classes or categories of excludable aliens, including, under Section 175.53, subdivision (a), each of the classes of excluded aliens contained in Section 137 of Title 8 U.S.C.A. and covering, as well, classes of aliens nowhere referred to in the provisions of Title 8. The overall purpose and effect of the statute, Presidential Proclamation, and regulations, however, was to establish "a series of classifications of excludable aliens to supplement the then existing laws." United States ex rel. Knauff v. Watkins, 2 Cir., 173 F.2d 599, 603.

The substance of relator's argument, however, is that the Act of 1918, Proclamation No. 2523, and the provisions of 8 C.F.R. above referred to, designate only an "excludable" as distinguished from an "excluded" class and that the power conferred thereunder is limited to the exclusion of aliens in such cases. From this it is claimed that once having failed to exercise the power of exclusion, the Attorney General is now barred from making a nunc pro tunc determination that the alien was inadmissible at the time of entry and ordering him deported.[1]

A substantially similar argument was raised against the deportation of an alien who had failed to comply with the visa and passport provisions of Section 223 of Title 22 U.S.C.A., supplemented by Presidential Proclamations and administrative regulations, but, at least in this Circuit, the contention was rejected. United States ex rel. Faneco v. Corsi, D.C., 57 F.2d 868, affirmed 2 Cir., 61 F.2d 1043. A close analysis of the enactments and regulations here must lead to the same conclusion.

Section 1 of the Act of 1918, 22 U.S.C.A. § 223, gives to Presidential Proclamations issued thereunder the force of law. Proc-

---

1. Relator suggests that this is a defect in the statutory scheme which was not remedied until an amendment to Title 8 U.S.C.A. was enacted into law in 1948 subsequent to the entry of this relator and therefore inapplicable in this case. In May of 1948, Section 137, Title 8 U.S.C.A., was amended to provide as a class of excluded aliens those "* * * who the Attorney General knows or has reason to believe seek to enter the United States for the purpose of engaging in activities which will endanger the public safety of the United States." Public Law 552, 80th Cong., 2d Sess., 62 Stat. 268.

lamation No. 2523 bars the alien from entry, without qualification, if the Secretary of State believes his entry prejudicial in accordance with promulgated rules and regulations concurred in by the Attorney General. By Section 175.53 of 8 C.F.R., the Secretary of State, with the approval of the Attorney General, has specifically enumerated those classes of aliens who he deems are prejudicial to the interests of the United States and hence, in the language of the Presidential Proclamation, are not permitted entry into this country. The intendment of these enactments was obviously to establish a class of aliens excluded by law.

The procedure adopted by Section 175.57, 8 C.F.R., is not designed to limit the powers of the Attorney General in such class of cases. On the contrary, the ordinary process of inquiry under Sections 152 and 153 of Title 8 U.S.C.A., regarding the admissibility of aliens may in some instances be avoided by the Attorney General when it is believed that the alien's entry may be prejudicial to the interests of the United States. So enlarged is his power that without hearing by a board of special inquiry, and without appeal therefrom, and without consultation with the Secretary of State,[2] the Attorney General may in special cases where confidential information forms the basis of classification, exclude an alien in possession of a valid visa.

These additional powers, however, do not derogate from the authority, under Title 8 U.S.C.A., to deport aliens of a class excluded by law. Ordinarily an administrative determination in favor of an alien is not res judicata in subsequent judicial or administrative proceedings. Lum Mon Sing v. United States, 9 Cir., 124 F. 2d 21; Flynn ex rel. Ham Loy Wong v. Ward, 1 Cir., 95 F.2d 742; Mock Kee Song v. Cahill, 9 Cir., 94 F.2d 975. Nothing in the exclusion procedure contained in Title 8, C.F.R., indicates that a different result must be reached in a case where an alien has been freely admitted and it is subsequently sought to deport him in accordance with law.

Analysis of the Act of 1918, Proclamation 2523, and the administrative regulations, leads to the conclusion that they have established a class of aliens, excluded by law within the meaning of Section 155 of Title 8 U.S.C.A. Relator's other contentions are without merit or have been disposed of by the decision of the Court of Appeals in the Knauff case, supra, and the opinion rendered above.

Writ dismissed.

---

2. See United States ex rel. Knauff v. Watkins, 2 Cir., 173 F.2d 599.