**In re WING.**

**In the Matter of the Motion for an Order directing Louie Wing to appear and testify in Exclusion Proceedings.**

No. 33943.

United States District Court
N. D. California, S. D.
Sept. 14, 1954.

Lloyd H. Burke, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for applicant.

Joseph S. Hertogs, San Francisco, Cal., for respondent.

MURPHY, District Judge.

This is a motion praying for an order to compel Louie Wing to appear and testify in exclusion proceedings before the Immigration Authorities relating to the right of one Louie Fook Thin to enter the United States. Louie Wing is the alleged son of Louie Fook Thin.

Louie Fook Thin was originally admitted to the United States as a citizen on January 6, 1914 after examination by an immigration inspector. He claimed citizenship as the son of a native born citizen. Prior to July 30, 1948, Thin departed for China and returned to the United States three times. Each time he was granted a citizen's return certificate prior to departure and admitted upon identification without further examination. Prior to his departure for the United States on July 30, 1948, he obtained a United States passport. He arrived at the Port of San Francisco on July 15, 1951 where he was examined by an immigration inspector and held for hearing before a Board of Special Inquiry. He was paroled into the United States on bond pending the conclusion of the exclusion proceedings.

A subpoena was served upon Louie Wing by the District Director pursuant to the provisions of Section 152 of Title 8, U.S.C.,[1] the Act effective at the time of his arrival. On advice of counsel Louie Wing failed to appear to testify. The prayer for the order is based on this refusal to respond.

Old Section 152 of Title 8 provides as far as pertinent here:

"All aliens arriving at ports of the United States shall be examined by at least two immigrant [sic] inpectors at the discretion of the Attorney General and under such regulations as he may prescribe. * * Said inspectors shall have power to administer oaths and to take and consider evidence touching the right of any alien to enter, reenter, pass through, or reside in the United States, and, where such action may be necessary, to make a written record of such evidence; * * *. All aliens coming to the United States shall be required to state under oath the purposes for which they come, the length of time they intend to remain in the United States, whether or not they intend to abide in the United States permanently and become citizens thereof, and such other items of information regarding themselves as will aid the immigration officials in determining whether they belong to any of the excluded classes enumerated in section 136 of this title. Any district director of immigration and naturalization designated by the Commissioner or any inspector in charge shall also have power to require by subpoena the attendance and testimony of witnesses before said inspectors and the production of books, papers, and documents touching the right of any alien to enter, reenter, reside in, or pass through the

1. Now Immigration and Nationality Act, §§ 234, 235(a), 287(b), 292, 8 U.S.C.A. §§ 1224, 1225(a), 1357(b), 1362.

United States, and to that end may invoke the aid of any court of the United States; and any district court within the jurisdiction of which investigations are being conducted by an immigrant [sic] inspector may, in the event of neglect or refusal to respond to a subpoena issued by any such district director or inspector in charge or refusal to testify before said immigrant [sic] inspector, issue an order requiring such person to appear before said immigrant [sic] inspector, produce books, papers, and documents if demanded, and testify; * * *."

Counsel for Louie Wing contends that the issuance of the subpoena by the District Director is void and illegal and that therefore this Court cannot aid in its enforcement. He asserts that an administrative agency has only that subpoena power which is given it by Congress; that the subpoena power is here limited to proceedings involving "the right of any *alien* to enter, reenter or reside in the United States"; that the prior declaration by the Immigration Service that Thin is a citizen is prima facie evidence of that fact and unless rebutted by substantial evidence Thin must be treated as a citizen; and that therefore Thin can not be deemed to be an alien within the language of 8 U.S.C. § 152 and the subpoena is void.

Even conceding the validity of the premises on which this argument is based, the conclusion does not follow. This is a practical problem of judicial administration relating to the exercise of judicial power while administrative proceedings are pending. The question is one of timing. Wing here seeks review of the evidence in the exclusion hearing prior to its conclusion, or a judicial trial before this Court to determine the question of Thin's alienage prior to a determination by the Immigration authorities.

■■ I have no doubt that the District Director's subpoena power extends only to compelling testimony in proceedings "touching the right of any alien to enter, reenter, reside in, or pass through the United States" as these words are used in the Statute. My power under this Statute exists only to aid in the enforcement of the Director's subpoena and is likewise so limited. It would be an absurdity to hold that the Immigration authorities must establish alienage as a fact before they can compel the production of evidence necessary to determine whether alienage does or does not exist. Nor does it follow that alienage must be proved to me before I can or should aid the Immigration authorities in their search for the facts. The problem is one of an orderly search for the truth.

■ The administrative power to exclude or deport depends upon a showing of alienage, but the Immigration authorities have the power to determine this fact initially. U. S. ex rel. Lapides v. Watkins, 2 Cir., 1948, 165 F.2d 1017; cf. Florentine v. Landon, 9 Cir., 1953, 206 F.2d 870; Lee Fong Fook v. Wixon, 9 Cir., 1948, 170 F.2d 245; U. S. v. Sing Tuck, 1904, 194 U.S. 161, 24 S.Ct. 621, 48 L.Ed. 917.

■ A prior administrative declaration of citizenship is not res adjudicata on the question of alienage, and if a person seeking entry is found to be an alien he may be excluded even though previously admitted as a citizen. U. S. ex rel. Vajta v. Watkins, D.C.S.D.N.Y.1949, 88 F.Supp. 51; Lum Mon Sing v. U| S., 9 Cir., 1941, 124 F.2d 21; See Flynn ex. rel. Ham Loy Wong v. Ward, 1 Cir., 1938, 95 F.2d 742; Mock Kee Song v. Cahill, 9 Cir., 1938, 94 F.2d 975.

The words limiting the subpoena's power in the Statute are the same as those used in granting the power to hold hearings. Congress clearly meant to make the subpoena power as broad as the power to determine. Without the power to compel the production of evidence, the power to take it and use that taken as a basis for decision is insipid.

Cases which relate to the sufficiency of the evidence showing alienage or the

effect to be given to a prior administrative determination of citizenship after exclusion proceedings are completed and the findings of the Immigration authorities are properly reviewed in the courts are not material here. See e.g., Yuen Boo Ming v. U. S., 9 Cir., 1939, 103 F.2d 355; Chun Kock Quon v. Proctor, 9 Cir., 1937, 92 F.2d 326; Lau Hu Yuen v. U. S., 9 Cir., 1936, 85 F.2d 327.

Indeed, insofar as they relate to the problem at all, they envisage a final administrative ruling prior to judicial review.

Sound judicial administration, as I view it, requires that proper administrative procedure be completed before courts should interfere. Even though the question here is fundamental it should be determined in an orderly way. U. S. v. Sing Tuck, 1904, 194 U.S. 161, 24 S.Ct. 621, 48 L.Ed. 917. This Circuit has held that where a judicial trial on the issue of citizenship can be obtained through a writ of habeas corpus the intervention by the court should be postponed until the completion of the administrative proceedings. Lee Fung Fook v. Wixon, 9 Cir., 1948, 170 F.2d 245. The court said:

"Perhaps the appellate body within the Department, with the aid of such additional evidence as petitioner may be able to present, will reach a conclusion on the facts favorable to the petitioner, in which event no further recourse to the courts would be necessary." 170 F.2d 246.

■■ Administrative remedies must be exhausted prior to bringing an action for declaratory relief to determine citizenship. Cf. McGrath v. Kristensen, 1950, 340 U.S. 162, 169, 71 S.Ct. 224, 95 L.Ed. 173. See Florentine v. Landon, 9 Cir., 1953, 206 F.2d 870, 871. I do not mean to say that any and all subpoenas by the Immigration authorities should be enforced. If the testimony sought to be adduced would be given in a proceeding which exceeds the administrative power or while purporting to be within that power is used for some other pur-

pose, the subpoena should not be enforced. See e.g., Application of Barnes, D.C.N.D.N.Y.1953, 116 F.Supp. 464. No such abuse has been shown here. We are left to conjecture in ascertaining why Louie Wing does not desire to appear to testify about the citizenship of Thin, whom Wing has previously asserted is his father.

■ I will not stifle the exercise of proper power under the Immigration Act by refusing to enforce the only means now extant to insure it. The order will issue. A draft will be prepared by the United States Attorney.