STALLINGS v. SPLAIN, United States Marshal.

(Court of Appeals of District of Columbia. Submitted April 1, 1919. Decided May 5, 1919.)

No. 3225.

1. EXTRADITION ⬤═══26—FEDERAL OFFENSES—DISTRICT OF COLUMBIA.
　　In view of Code of Laws D. C. 1901, § 930, a person may be arrested in the District of Columbia on a warrant from a federal District Court and held for a reasonable time for extradition papers.

2. CRIMINAL LAW ⬤═══105—JURISDICTION—WAIVER OF OBJECTIONS.
　　A person who, while at large on bail given in habeas corpus proceedings instituted by him after his arrest on a warrant from another federal jurisdiction, was rearrested on a commissioner's warrant, by appearing and after a hearing giving bail for his appearance in the other jurisdiction, waived any objection to the jurisdiction of the commissioner over his person pending the habeas corpus proceeding.

Appeal from the Supreme Court of the District of Columbia.

Habeas corpus by Leslie C. Stallings against Maurice Splain, United States Marshal for the District of Columbia. From a decree discharging the writ, petitioner appeals. Affirmed.

W. B. Jaynes, of Washington, D. C., for appellant.
John E. Laskey, U. S. Atty., and J. B. Archer, Jr., Asst. U. S. Atty., both of Washington, D. C., for appellee.

ROBB, Associate Justice. This appeal is from a decree in the Supreme Court of the District, discharging the writ of habeas corpus that had issued on appellant's petition.

Appellant, hereinafter called the petitioner, was arrested in this District on June 10, 1918, on a bench warrant from the United States District Court for the District of Wyoming charging him with embezzlement. On June 11th he filed his petition for a writ of habeas corpus in the court below and was released on bail, pending a hearing. On

---

⬤═══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the 27th of June, 1918, a complaint was duly made before a United States commissioner in this District, charging petitioner with embezzlement in Wyoming. On the 5th of July following, petitioner was arrested on the commissioner's warrant and appeared before the commissioner, whereupon, petitioner "having admitted his identity and former official character as described in said complaint and having entered thereto a plea of not guilty, the United States, on its part, produced a duly certified copy of the indictment pending against petitioner in the District Court of the United States for the District of Wyoming, mentioned in the bench warrant, * * * certain correspondence from the United States marshal for the district of Wyoming to the United States marshal for this District, all of which were admitted in evidence without objection by petitioner." Thereupon petitioner moved for his discharge, the motion was denied, and petitioner, at his request, was admitted to bail for his appearance in the District Court of the United States for the District of Wyoming.

On July 18, 1918, petitioner applied in the habeas corpus proceeding for a writ of certiorari to the commissioner, averring that the acts of the commissioner "are wholly void and of no effect, because petitioner's application in habeas corpus was then pending in full force." The writ was directed to issue. Petitioner then demurred to the return of the marshal herein, which return set forth the foregoing facts. The case came on for hearing "upon the petition for the writ of habeas corpus, the writ issued thereon, the return thereto, and the demurrer to said return filed herein, and the petition for the writ of certiorari, the writ issued thereon, and the return thereto." Petitioner's demurrer to the marshal's return was overruled, with leave to plead to or traverse the return. Petitioner electing to stand upon his demurrer, the court dismissed the petition and discharged the writ.

[1] The preliminary arrest of petitioner which gave rise to this proceeding was regular and proper. Code, § 930; 2 Moore on Extradition, §§ 591–595; Union Pacific R. Co. v. Belek (D. C.) 211 Fed. 699. It is settled law that an accused person may be held a reasonable time to await the preparation and transmission of extradition papers from the demanding state.

[2] As to the contention that the commissioner was wholly without jurisdiction during the pendency of the habeas corpus proceedings, and therefore that his acts were null and void, it may not be questioned that he had jurisdiction of the subject-matter before him. Petitioner had given bail for his appearance in the habeas corpus proceeding, in which he sought to have tested the legality of his detention under the preliminary warrant. He was arrested under the warrant issued by the commissioner upon the final complaint. Hearing was accorded him by the commissioner, which resulted in his being held for extradition. Instead of seeking protection from the court out of which the writ of habeas corpus had issued, petitioner elected to give bail before the commissioner for his appearance in Wyoming, there to answer the indictment against him. Inasmuch as the commissioner had jurisdiction of the subject-matter, petitioner, by pleading to the complaint and giving bail, waived any right to question the jurisdic-

tion of the commissioner over the person. And this conclusion is not inconsistent with the decision of the court in the Farez Case, 7 Blatchf. 34, 8 Fed. Cas. 1006, relied upon by petitioner. Farez was arrested and sued out a writ of habeas corpus. Thereupon another warrant, designed to cure defects in the first, was placed in the hands of the marshal and that officer served the second warrant upon Farez, who already was in his custody. The opinion states that "no proceeding took place under the second warrant, except the arrest of Farez under it." The court found that, "when the question of the lawfulness of the detention under the first warrant should have been disposed of, then the marshal could properly proceed to execute the second warrant, but not before." That the arrest under the second warrant was not wholly void is apparent from the fact that there follows a careful consideration of the second warrant, and a finding that it, too, was defective. The most that may be said in the present case is that the marshal should have held the warrant issued by the commissioner until the decision of the court; but, as we have seen, it by no means follows that the proceeding before the commissioner was void. Inasmuch as the commissioner had jurisdiction of the subject-matter, and petitioner submitted to jurisdiction over his person by pleading and giving bail before the commissioner to appear in Wyoming, the court in the habeas corpus hearing was not called upon further to inquire into the proceeding before the commissioner.

There is another view that may be taken of this case, with the same result. If, as petitioner contends, the warrant of the commissioner was "illegal, null, and void," and "his entire proceedings were void and of no effect," then the preliminary warrant remained. As we have found that the arrest under that preliminary warrant was regular and legal, it results that in any event the writ was properly discharged.

The decree is affirmed, with costs.

Affirmed.