**In re ROWLAND.**

**Civ. A. No. 403.**

United States District Court
W. D. Arkansas, Hot Springs Division.
Sept. 2, 1949.

C. Floyd Huff, Jr., and Edward C. Thacker, Hot Springs, Ark., for the petitioner.

John T. Williams, Chief Assistant Attorney General of the State of Arkansas, Jeff Duty, Assistant Attorney General of the State of Arkansas and R. J. Glover, Prosecuting Attorney, Eighteenth Judicial District of Arkansas, Hot Springs, Ark., for the respondents.

LEMLEY, Chief Judge.

This cause comes on for hearing upon an application of Jay M. Rowland for leave to amend his original petition for a writ of habeas corpus herein to obtain relief from a conviction of bribery in the Circuit Court of Garland County, Arkansas (upon which original petition a writ and temporary restraining order issued out of this Court on an ex parte hearing), and also upon a return to the writ setting up, among other things, the fact that the petitioner was at the time of the filing of his petition, and still is, at liberty on bail and not in actual custody, and praying dismissal of the case on the ground that it was prematurely brought.

Since, as hereinafter set forth, we have reached the conclusion that the action was prematurely brought and should be dismissed, it becomes unnecessary for us to discuss the motion to amend because it will be overruled as a matter of course.

The petitioner was tried and convicted as aforesaid and was sentenced to pay a fine of $750 and to serve a term of one year in the state penitentiary. He appealed his conviction to the Supreme Court of Arkansas, where it was affirmed. Rowland v. State, 213 Ark. 780, 213 S.W.2d 370. He thereafter applied to the Supreme Court of the United States for a writ of certiorari, which was denied, and that Court likewise denied a rehearing of said application. The day after certiorari was denied by the Supreme Court of the United States petitioner filed his application in this court and obtained issuance of the writ and temporary restraining order above-mentioned.

It has been stipulated that at the time of the filing of this petition the petitioner was not in actual confinement but was at liberty on bail which he had furnished in the Circuit Court of Garland County, Arkansas, and in the Supreme Court of Arkansas. These bail bonds, according to the stipulation, are still in force and effect, and no order of commitment has been served on the petitioner.

It was further stipulated that on the day after petitioner commenced his proceeding in this court, the Clerk of the Supreme Court of Arkansas issued a document entitled "Criminal Judgment Affirmed; Order to Surrender". This document recited that on June 28, 1948, the Supreme Court of Arkansas had considered petitioner's appeal from his conviction in the Circuit Court of Garland County, had found no error in said proceedings and had affirmed the judgment; the document further provided that "unless appellant shall within 15 juridical days surrender himself to the proper authority in execution of said judgment his bond be declared as forfeited". It

was further stipulated that petitioner requested the Clerk of the Supreme Court of Arkansas to issue this document and to date it so that it would be subsequent to the commencement of the instant proceedings in this court, which was done. This document was dated upon the day after the action in this court was instituted and was filed in the Circuit Court of Garland County six days thereafter. No subsequent action has been taken upon it by anyone [1].

In his original petition here, the petitioner contended that the judgment of conviction in the state court was void because obtained in violation of rights guaranteed him by the Fourteenth Amendment to the Constitution of the United States. He charged that he had been deprived of due process of law and of the equal protection of the laws in many respects.

The respondents [2] herein first filed a motion to vacate the writ and dissolve the temporary restraining order. This motion was based on two grounds: first, that petitioner had not exhausted his state remedies as required by 28 U.S.C.A. § 2254, and secondly, that all matters raised in his petition had been adjudicated, or could have been adjudicated, in the state courts, and that the action of those courts, together with the action of the Supreme Court of the United States in denying certiorari, rendered all matters included in the petition res adjudicata. In the latter connection, respondents relied primarily upon Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed 572. This motion was exhaustively briefed, and, after consideration, was overruled by the court mainly under the authority of Wade v. Mayo, 334 U.S. 672, 68 S.Ct. 1270, 92 L.Ed. 1647.

[1]. It was stated in argument by both sides that the procedure followed in the Supreme Court of Arkansas where a criminal judgment is affirmed is for the Clerk to issue such a document as referred to, under the terms of which appellant is given a certain number of days within which to surrender himself in execution of the judgment. If he does not so surrender himself his appeal bond is forfeited and a warrant is issued for his arrest.

In the instant case only the first of these steps has been taken; petitioner's bond has not been forfeited, nor has any warrant for his arrest been issued.

[2]. The respondents in this case are the Sheriff of Garland County, the Circuit Clerk of Garland County, the Director of the Arkansas State Police, and all of his subordinates, and the Clerk of the Supreme Court of Arkansas.

Thereafter, the respondents filed a return to the writ, which return was traversed by petitioner thereby placing the case at issue. In their return the respondents denied that petitioner had been deprived of any of his constitutional rights, again raised the question of exhaustion of state remedies and res adjudicata and affirmatively plead that petitioner had waived all questions not raised in the state courts. In addition, respondents raised for the first time the issue as to whether or not this proceeding had been prematurely brought. In this connection they alleged that "the petitioner, '* * * on the date of the filing of his petition herein * * * was not and is not now in the custody or being detained by any of said respondents" and that "the petitioner at the time of the filing of his petition herein * * * was not and is not now actually restrained of his liberty by any of said respondents."

It is the position of the respondents on this plea that habeas corpus is available only to a person in actual physical custody, and that since Rowland is now, and was at the time of the commencement of these proceedings, at liberty on bond, this action will not lie. This proposition is controverted by the petitioner, and since the facts, as aforesaid, are not in dispute, a question of law only is presented to the court.

██ Habeas corpus proceedings in the federal courts are governed by Chapter 153 of the new Judicial Code, Act of June 25, 1948, 28 U.S.C.A. §§ 2241–2255. When this statute is considered in the light of the historical function which the writ has performed in our criminal jurisprudence, and when it is read in connection with certain decisions of the Supreme Court of the United States, hereinafter referred to, it is clear that the position of the respondents is well founded, and that these proceedings must be dismissed because prematurely brought.

The pertinent portions of the statute are as follows:

Sec. 2241: Power to Grant Writ

(a) "Writs of habeas corpus may be granted by * * * the district courts."

(c) "The writ of habeas corpus shall not extend to a prisoner unless— * * *

"(3) He is in custody in violation of the Constitution or laws or treaties of the United States."

Sec. 2242: Application

"Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf.

"It shall allege the facts concerning the applicant's commitment or detention, the name of the person who had custody over him and by virtue of what claim or authority, if known * * *."

Sec. 2243: Issuance of writ return: hearing decision.

"* * * The writ, or order to show cause shall be directed to the person having custody of the person detained. * * *

"The person to whom the writ * * * is directed shall make a return certifying the true cause of the detention. * * *

"Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained. * * *"

Sec. 2254: State custody: remedies in State Courts.

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, * * *"

These provisions of the statute, even if taken alone and unaided by historically developed concepts of habeas corpus or by decisions dealing with the nature and scope of the writ, indicate that the writ is available only to a person who is held in actual physical custody or imprisonment, and not to one who is under mere moral restraint or, like petitioner here, at liberty on bail. In this connection, the use of the word "prisoner" in Section 2241(c) cannot be ignored, and likewise the repeated use of such words as "custody" and "person detained"; also, the requirement set forth

in Section 2242 to the effect that the name of the person who has custody over the petitioner must be set out in the application for the writ, and the provision in Section 2243 that the writ shall be directed to the person having custody of the person detained, and the further provision that the person to whom the writ is directed shall make a return certifying the true cause of the detention, and lastly, the provision in said section requiring the person to whom the writ is directed to produce at the hearing the body of the person detained. Such provisions plainly contemplate that the applicant for the writ must be in actual custody of some particular person and under restraint by that person, which is not the case here.

There is a concise statement of the function and history of the writ of habeas corpus in the opinion of the Supreme Court of the United States in McNally v. Hill, Warden, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238. The facts in that case were that McNally was sentenced to serve consecutive sentences in the penitentiary; while serving the first sentence, which was admittedly valid, he sought habeas corpus for the purpose of setting aside the second sentence, the validity of which he attacked. The Supreme Court, in upholding the lower courts which had denied the writ, said that "without restraint of liberty, the writ will not issue," and that "a sentence which the prisoner has not begun to serve cannot be the cause of restraint which the statute makes the subject of inquiry." 293 U.S. page 138, 55 S.Ct. page 27. In discussing the history of the writ the Court said:

"The statute does not define the term habeas corpus. To ascertain its meaning and the appropriate use of the writ in the federal courts, recourse must be had to the common law, from which the term was drawn, and to the decisions of this Court interpreting and applying the common-law principles which define its use when authorized by the statute. * * *

"Originating as a writ by which the superior courts of the common law and the chancellor sought to extend their jurisdiction at the expense of inferior or rival courts, it ultimately took form and survived as the writ of habeas corpus ad subjiciendum, by which the legality of the detention of one in the custody of another could be tested judicially. (Boldsworth, History of the English Law, Vol. 9, 108-125) Its use was defined and regulated by the Habeas Corpus Act of 1679, 51 Car. II, c. 2. This legislation and the decisions of the English courts interpreting it have been accepted by this Court as authoritative guides in defining the principles which control the use of the writ in the federal courts. See Ex parte Watkins, 3 Pet. 193, 201-202, 7 L.Ed. 650; Ex parte Yerger, 8 Wall. 85, 95, 19 L.Ed. 332; Ex parte Parks, 93 U.S. 18, 21, 22, 23 L.Ed. 787.

"The purpose of the proceeding defined by the statute was to inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful. In this, the statute conformed to the traditional form of the writ, which put in issue only the disposition of the custody of the prisoner according to law. * * *

"Section 14 of the Judiciary Act of 1789 * * * was at pains to declare that the writ might issue for the purpose of inquiring into the cause of the restraint of liberty. Without restraint of liberty, the writ will not issue. Wales v. Whitney, 114 U.S. 564, 5 S.Ct. 1050, 29 L.Ed. 277; Stallings v. Splain, 253 U.S. 339, 343, 40 S.Ct. 537, 64 L.Ed. 940 * * *."

■ The phrase "habeas corpus" itself has more than a figurative meaning. The words are used in their literal sense and constitute a command to a sheriff or jailer to "have the body" of a prisoner before the issuing court at a certain time and place, together with an explanation of the cause of the imprisonment. McNally v. Hill, supra, 293 U.S. page 137, notes 1 and 2, 55 S.Ct. page 26. As pointed out in the cited case, Lord Bacon defined the writ of habeas corpus as being "the most usual remedy by which a man is restored to his liberty if he hath by law been deprived of it." See

McNally v. Hill, supra, 293 U.S. page 137, note 3, 55 S.Ct. page 27 and other English authorities there cited.

The rule that actual restraint of liberty is necessary before habeas corpus becomes available and that a person at liberty on bail is not entitled to relief thereby, was recognized in Stallings v. Splain, U. S. Marshal, supra, which case was cited with evident approval in McNally v. Hill, supra. The facts in Stallings v. Splain were that Stallings was arrested in the District of Columbia upon a bench warrant issued by a federal judge in Wyoming after an indictment had been returned against him in that state by a federal grand jury. In an attack on the validity of his arrest, he sued out a writ of habeas corpus and was released on bond. Thereafter a new warrant for his arrest on the same charge was issued by a United States Commissioner in the District of Columbia, and he appeared before this Commissioner and gave bond for his appearance in Wyoming for trial. When the habeas corpus proceedings came on to be heard, they were dismissed by the trial court, on appeal the Court of Appeals affirmed, 49 App.D.C. 38, 258 F. 510, and a further appeal was taken to the Supreme Court. In the Supreme Court, Stallings contended that his original arrest was illegal, and that the later proceedings before the Commissioner, which culminated in his giving bond to appear in Wyoming, were void because he could not lawfully be re-arrested on the same charge until the original habeas corpus proceedings were disposed of. He contended further that the indictment against him charged no offense. The Supreme Court rejected both contentions, and in the course of its opinion pointed out that when Stallings made bond to appear in Wyoming, he was no longer entitled to the writ. In this connection the Court said: "When this bail was given no application had been made to the court for his removal, and there had not even been an order of the commissioner that he be held to await such application. He ceased, therefore, to be in the position ordinarily occupied by one who is contesting the validity of his detention and who has been released on bail pending the ha-

beas corpus proceeding. * * * *Stallings' position was thereafter no better than if he had applied for the writ after he had given bail. It is well settled that under such circumstances a petitioner is not entitled to be discharged on habeas corpus. * * * Being no longer under actual restraint within the District of Columbia* he was not entitled to the writ." 253 U.S. 343-344, 40 S.Ct. 539. (Emphasis supplied.)

In Johnson v. Hoy, Marshal, 227 U.S. 245, 33 S.Ct. 240, 241, 57 L.Ed. 497, a petitioner who had been indicted for violation of the Mann Act, 18 U.S.C.A. § 2421 et seq., sought release by habeas corpus before trial on the grounds that excessive bail had been required of him on terms which were "onerous and prohibitive" and that the act under which he had been indicted was unconstitutional and void. The District Court denied his petition and he appealed to the Supreme Court of the United States. Pending the appeal he furnished bail and was released. He contended in the Supreme Court that the fact that he was required to give excessive bail on prohibitive conditions taken in connection with his attack on the validity of the statute entitled him to a judicial inquiry into the validity of said statute in advance of trial on the authority of the case of Ex parte Royall, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868. The Supreme Court rejected that contention and held that he was not entitled to habeas corpus after he had been released on bond. The Court said: "But even if it could be claimed that the facts relied on presented any reason for allowing him a hearing on the constitutionality of the act at this time, the defendant would not be entitled to the benefit of the writ, because, since the appeal, he has given bond in the district court, and has been released from arrest under the warrant issued on the indictment. He is no longer in the custody of the marshal to whom the writ is addressed, and from whose custody he seeks to be discharged. The defendant is now at liberty, and having secured the very relief which the writ of habeas corpus was intended to afford to those held under warrants issued on indictments, the appeal must be dismissed."

227 U.S. at pages 247-248, 33 S.Ct. at page 241.

In oral argument the petitioner referred to Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567, but as we read that case it is no authority for the petitioner's contention here. The Estep case did not involve an application for a writ of habeas corpus. On the other hand, the question in that case was whether or not a selective service registrant who had been indicted for violation of the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 301 et seq., could raise at his trial the defense that the selective service officers had acted without jurisdiction in his case.

Petitioner further argued orally that he is restrained of his liberty because, as he says, the state has the "present means" of placing him in restraint, and in this connection he cites the following language used by the Court in Wales v. Whitney, supra: "Something more than moral restraint is necessary to make a case for habeas corpus. There must be actual confinement or the present means of enforcing it. The class of cases in which a sheriff or other officer, with a writ in his hands for the arrest of a person whom he is required to take into custody, to whom the person to be arrested submits without force being applied, comes under this definition. The officer has the authority to arrest, and the power to enforce it. * * * Here the force is imminent and the party is in the presence of it. It is physical power which controls him, though not called into demonstrative action." 114 U.S. pages 571-572, 5 S.Ct. page 1053.

The quoted language is not applicable to the instant case. Here the petitioner is not confronted with any officer holding any process for his arrest nor has any physical power been exerted for his control. At the time he filed his petition herein, no mandate or other order had been issued out of the Supreme Court of Arkansas and none such was issued out of that court until after the present proceedings were filed and then at his instance; no forfeiture on his bond had been taken and no warrant for his arrest was outstanding.

The only restraint upon him was his moral and financial obligation upon his bail bond. This is not the type of restraint contemplated by the statute.

In oral argument, the petitioner also contended that Congress in enacting Section 2252 of Title 28, U.S.C.A., entitled "Notice", which provides that "prior to the hearing of a habeas corpus proceeding in behalf of a person in custody of State officers or by virtue of State laws notice shall be served on the attorney general or other appropriate officer of such State as the justice or judge at the time of issuing the writ shall direct", by use of the words "person in custody of State officers *or by virtue of State laws*" (emphasis supplied) intended to broaden the scope of the writ of habeas corpus by making the writ available to one in constructive custody, so to speak. We do not agree. The sole purpose of Section 2252 is to provide for notice. As we view Chapter 163, §§ 2241–2255 of Title 28, U.S.C.A., the Congress did not thereby intend to broaden the scope of the writ, but on the other hand, to make it available to an applicant, particularly where proceedings in a state court are under attack, only as his last and final resort and after he has finally been placed in actual physical restraint as a result of his conviction. On the question of the scope of the new act, see "Limiting the Abuse of Habeas Corpus," by Chief Judge John J. Parker, 8 F.R.D. 171.

The only case which has been called to our attention holding that a person at liberty upon bail is entitled to habeas corpus is MacKenzie v. Barrett, 7 Cir., 141 F. 964, 5 Ann.Cas. 551, cited in petitioner's brief. While this case does in fact so hold, it was decided in 1905 prior to the decisions in McNally v. Hill, supra, Stallings v. Splain, supra, and Johnson v. Hoy, supra, and is out of harmony with the views expressed in those cases. Moreover, MacKenzie v. Barrett may well have been overruled by the later decision of the 7th Circuit in United States ex rel. Walmer v. Tittemore, 61 F.2d 909, 910, wherein (although the MacKenzie case was not referred to) habeas corpus was refused one at liberty on bail, and the court, citing

Stallings v. Splain, supra, said "before one can successfully seek a writ of habeas corpus, he must be actually restrained".

Let the petitioner's motion to amend be overruled, let the temporary restraining order herein be dissolved, the writ discharged and this cause dismissed.