## ROWLAND v. STATE OF ARKANSAS.

### No. 14050.

United States Court of Appeals
Eighth Circuit.

Feb. 2, 1950.
Rehearing Denied Feb. 24, 1950.

C. Floyd Huff, Jr., Hot Springs, Ark. (E. C. Thacker, Hot Springs, Ark., on the brief), for appellant.

Ike Murry, Attorney General, State of Arkansas, John Williams, Chief Assistant Attorney General, Jeff Duty, Assistant Attorney General, and R. J. Glover, Prosecuting Attorney, Eighteenth Judicial District, Hot Springs, Ark., filed brief for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and RIDDICK, Circuit Judges.

WOODROUGH, Circuit Judge.

This appeal is taken to reverse a judgment of the District court which dismissed appellant's petition for a writ of habeas corpus. The appellant was "out on bond", free of any actual restraint and not in custody of any person served with notice at

710

the time he petitioned for habeas corpus and at the time of the trial upon his petition, and the court after full hearing reached and declared its conclusion that the writ was not available to a person so situated. The reasons for decision and the statutes and precedents relied on by the court are fully set forth in its Memorandum Opinion filed in the case and reported at 85 F.Supp. 550.

Appellant contends that the trial court should have followed a precedent set in the Seventh Circuit in Mackenzie v. Barrett, 141 F. 964, 5 Ann.Cas. 551, where it was held that "one under arrest, but at large on bail is entitled to a writ of habeas corpus, the same as if the arrest was accompanied by actual imprisonment;" but as was pointed out by the trial court in its opinion 85 F.Supp. at page 555, that case "may well have been overruled" by the later decision of the same court in United States ex rel. Walmer v. Tittemore, 61 F.2d 909, 910, in which it is held "before one can successfully seek a writ of habeas corpus, he must be actually restrained."

We think that no error in the proceedings and judgment has been shown and that the statutes, precedents and reasoning set forth in the opinion of the trial court fully sustain its judgment. It is accordingly affirmed.