## UNITED STATES v. KOBEY et al.
### Cr. No. 21815.

United States District Court
S. D. California, Central Division.
Dec. 23, 1952.

Walter S. Binns, U. S. Atty., Ray H. Kinnison, Asst. U. S. Atty. and Arline Martin, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff.

David H. Cannon, Los Angeles, Cal., for defendants.

MATHES, District Judge.

On October 19, 1951 defendants Marvin Kobey and Philip Cobert were before the court for sentence, having been convicted by the jury of conspiring to defraud the United States, 18 U.S.C. (1948 Ed.) § 371; id. (1940 Ed.) § 88, of wilful failure to collect and account for withholding taxes, wilful failure to supply information for computation, assessment and collection of federal income and social security taxes, and wilfully failing to pay the taxes. 26 U.S.C. §§ 145(a, b), 1430, 1610, 1627, 2707(b, c).

At that time it was adjudged upon motion of the defendants, that the concurrent five-year sentences then imposed would run concurrently with any state-court sentences previously imposed upon the defendants, or which might thereafter be imposed during the five-year period of imprisonment specified. The defendants appealed from the judgments of conviction, and their appeals are pending.

The defendants now present to this court a motion "for order vacating * * * judgments of conviction" etc. pursuant to 28 U.S.C. § 2255. In response to this motion, the Government moves "for an order directing that no hearing is necessary," contending the record affirmatively discloses that the defendants are not entitled to any relief provided by § 2255.

The standing of the defendants to proceed by motion under 28 U.S.C. § 2255 would appear to be dependent upon their being in federal custody. The statute declares in plain language that: "A prisoner in custody under sentence of a court established by Act of Congress * * * may move the court which imposed the

sentence to vacate, set aside or correct the sentence."

■ Moreover, any possible doubt as to the scope of the statute would seem to be dissipated by the fact that proceedings under § 2255 are intended to be a workable substitute for habeas corpus. 28 U.S.C. § 2255, Revisers' Note. And where the prisoner is not presently in federal custody, habeas corpus proceedings could not accomplish what the defendants seek by their pending motion. 28 U.S.C. § 2241; McNally v. Hill, 1934, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238.

■ It is my opinion therefore that in proceedings under § 2255 it is requisite that the person of the prisoner be subject to unhampered control of the federal courts—in federal custody.

The defendants are at present in custody of the State of California serving state-court sentences of imprisonment for one year. It was necessary to release the defendants to state custody in order to give effect to the order of this court—made at their request—that the federal sentences be served concurrently with those of the state-court, since sentences of California Courts must be served in state institutions, whereas federal-court sentences may be served in any institution selected by the Attorney General. Sec. 18 U.S.C. (1948 Ed.) § 4082; Cal.Penal Code, §§ 2902, 4005; Id. 17, 18, 19, 1168, 5077.

If determination on the merits of the pending motions should necessitate the presence of the defendants as witnesses, cf. United States v. Hayman, 1952, 342 U.S. 205, 72 S.Ct. 263, this court could acquire temporary jurisdiction over their persons by resort to the writ of *habeas corpus ad testificandum* commanding California to bring them before the federal court while still in state custody. Cf. Ponzi v. Fessenden, 1922, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607.

■ But acquisition of federal custody of the defendants—thus subjecting them to control of the federal courts—would continue to be a matter of comity between the United States and California until the defendants are at length discharged from state custody. Mitchell v. Boen, 10 Cir., 1952, 194 F.2d 405; Vanderpool v. Hunter, 10 Cir., 1949, 177 F.2d 716; Rawls v. United States, 10 Cir. 1948, 166 F.2d 532, certiorari denied, 1948, 334 US. 848, 68 S.Ct. 1498, 92 L.Ed. 1771; United States ex rel. Lombardo v. McDonnell, 7 Cir., 1946, 153 F.2d 919; Stamphill v. Johnston, 9 Cir., 1943, 136 F.2d 291, certiorari denied, 1943, 320 U.S. 766, 64 S.Ct. 70, 88 L.Ed. 457; see United States ex rel. Pasela v. Fenno, 2 Cir., 1948, 167 F.2d 593, 596, certiorari granted, 1948, 334 U.S. 857, 68 S.Ct. 1530, 92 L.Ed. 1777, dismissed per stip. of counsel, 1948, 335 U.S. 806, 69 S.Ct. 29, 93 L.Ed. 363.

In view of the plain language of 28 U.S.C. § 2255 limiting the privilege of motions under the statute to prisoners "in custody under sentence of a court established by Act of Congress," it follows that the jurisdiction of this court over the subject matter is also limited to cases where the defendant seeking the benefits of the statute is then in federal custody.

■ Accordingly I am of opinion that this court does not now—while the defendants are in state custody—have jurisdiction over either the subject matter of the motions or the persons of the defendants.

■ The fact that the defendants have appealed from the judgments of this court has already been noted. Their appeals are now awaiting decision in the Court of Appeals. So even if it be assumed jurisdiction exists to do otherwise, due consideration for orderly judicial administration would seem to require this court to abstain from determining a motion under 28 U.S.C. § 2255 while the judgment thus sought to be vacated is under review upon appeal, Nemec v. United States, 9th Cir., 1950, 184 F.2d 355, unless directed by the appellate court to do so. Fed.Rules Crim. Proc. rule 39(a), 18 U.S.C.

The motions of the defendants and the plaintiff are denied, without prejudice to the right to renew the same or similar motions after the defendants shall have been discharged from state custody, if so advised. See Hunter v. Martin, 1948, 334 U.S. 302, 68 S.Ct. 1030, 92 L.Ed. 1401; Hebert v. Louisiana, 1926, 272 U.S. 312, 47

S.Ct. 103, 71 L.Ed. 270; Taylor v. Taintor, 1872, 16 Wall. 366, 83 U.S. 366, 21 L.Ed. 287; United States v. Fenno, supra, 2 Cir., 167 F.2d at pages 595–596; Powell v. Sanford, 5 Cir., 1946, 156 F.2d 355; Florio v. Edwards, 5 Cir., 1936, 80 F.2d 509, 510; Grant v. Guernsey, 10 Cir., 1933, 63 F.2d 163, certiorari denied, 1933, 289 U.S. 744, 53 S.Ct. 688, 77 L.Ed. 1491; Vane v. United States, 9 Cir., 1918, 254 F. 28.