## UNITED STATES v. KOBEY et al.

### Cr. No. 21815.

United States District Court
S. D. California, Central Division.

Jan. 29, 1953.

Walter S. Binns, U. S. Atty., Ray H. Kinnison, Asst. U. S. Atty. and Arline Martin, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff.

David H. Cannon, Los Angeles, Cal., for defendants.

MATHES, District Judge.

Defendants have again presented their motion "for order vacating * * * judgments of conviction" etc. pursuant to 28 U.S.C. § 2255. In response to this motion the Government has moved "for an order directing that no hearing is necessary," contending the record affirmatively discloses that defendants are not entitled to any relief provided by § 2255.

These motions were heretofore made while defendants were in custody of the State of California serving state-court sentences.

At that time, in view of the plain language of 28 U.S.C. § 2255 limiting the privilege of motions under the statute to prisoners "in custody under sentence of a court established by Act of Congress", I held that this court did not have jurisdiction over either the subject matter of the motions or the persons of the defendants. Accordingly, the motions were denied, without prejudice to the right to renew the same or similar motions following the discharge of defendants from state custody. See United States v. Kobey, D.C.S.D.Cal., 1952, 109 F.Supp. 192.

Defendants have since been discharged from state custody and are now in federal custody serving concurrently the sentences imposed by the judgments here sought to be vacated.

At the time of the previous ruling, mention was made of the fact that defendants had appealed from the judgments of conviction and their appeals are pending decision in the Court of Appeals for the Ninth Circuit; and by way of dictum the view was expressed that "even if it be assumed jurisdiction exists to do otherwise, due consideration for orderly judicial administration would seem to require this court to abstain from determining a motion under 28 U.S.C. § 2255 while the judgment thus sought to be vacated is under review upon appeal, Nemec v. United States, 9 Cir., 1950, 184 F.2d 355, unless directed by the appellate court to do so. Fed.Rules Crim.Proc. rule 39(a), 18 U.S.C." D.C., 109 F.Supp. at page 194.

▇ The general rule is that, once an appeal has been perfected, the trial court is "without jurisdiction during the pendency of that appeal to modify its judgment * * *." Berman v. United States, 1937, 302 U.S. 211, 214, 58 S.Ct. 164, 166, 82 L.Ed. 204; see also United States v. Lindh, 3 Cir., 1944, 148 F.2d 332, certiorari denied, 1945, 325 U.S. 859, 65 S.Ct. 1193, 89 L.Ed. 1980; United States v. Tuffanelli, 7 Cir., 1943, 138 F.2d 981, 983; Rogers v. Consolidated Rock Products Co., 9 Cir., 1940, 114 F.2d 108; Casebeer v. Hudspeth, 10 Cir., 1940, 114 F.2d 789, reversed 1941, 312 U.S. 662, 61 S.Ct. 804, 85 L.Ed. 1109; id., 10 Cir., 1941, 121 F.2d 914, certiorari denied, 1942,

316 U.S. 683, 62 S.Ct. 1272, 86 L.Ed. 1755, rehearing denied, 1942, 317 U.S. 704, 63 S.Ct. 23, 87 L.Ed. 562; Tinkoff v. United States, 7 Cir., 1936, 86 F.2d 868, certiorari denied, 1937, 301 U.S. 689, 57 S.Ct. 795, 81 L.Ed. 1346; United States v. Habib, 2 Cir., 1934, 72 F.2d 271; cf. United States v. Smith, 1947, 331 U.S. 469, 67 S.Ct. 1330, 91 L.Ed. 1610; Zamloch v. United States, 9 Cir., 1951, 187 F.2d 854.

In Nemec v. United States, supra, 184 F.2d 355, where a motion under 28 U.S.C. § 2255 to vacate a judgment of conviction was presented to the trial court while a petition for writ of certiorari was pending in the Supreme Court, the Court of Appeals for this circuit held that the trial court properly denied the motion, "in view of the pendency of the petition". 184 F.2d at page 355.

Although § 2255 declares without qualification that: "A motion for such relief may be made at any time", both reason and policy would seem to dictate an implied condition that where, as here, the judgment sought to be set aside is under review in an appellate court, such a motion may not be entertained by the trial court in the absence of directions from the appellate court in which the appeal is pending. Any broader interpretation of the statute would relegate "the appellate process to * * * an advisory capacity while the trial court, regardless of appellate decision, could set aside all that was the basis of appeal." United States v. Smith, supra, 331 U.S. at page 474, 67 S.Ct. at page 1333.

I am of opinion therefore that the trial court does not have jurisdiction over the subject matter of a motion to set aside a judgment of conviction pursuant to 28 U.S.C. § 2255, during the pendency of an appeal from the judgment, unless and until the appellate court shall remand the case to the trial court for such purpose. Fed.R. Crim.Proc. 39(a), 18 U.S.C.; 28 U.S.C. § 2106.

Accordingly, the pending motions are denied for lack of present jurisdiction over the subject matter, without prejudice to the right to renew the same or similar motions at some appropriate future time, if so advised.