**UNITED STATES ex rel. ZDUNIC v. UHL,**
**District Director of Naturalization and**
**Immigration.**

**No. 415.**

Circuit Court of Appeals, Second Circuit.

June 16, 1944.

Rehearing Denied July 6, 1944.

Bennet, House & Couts (William S. Bennet, Bernard A. Finkel, both of New York City, of counsel), for relator-appellant.

James B. M. McNally, U.S.Atty., of New York City (Marvin M. Notkins and Stuart Z. Krinsly, both of New York City, of counsel), for respondent-appellee.

Before AUGUSTUS N. HAND, CHASE, and FRANK, Circuit Judges.

PER CURIAM.

Order affirmed in open court.

On Petition for Rehearing.

PER CURIAM.

The relator asks for a rehearing on the ground that the order dismissing his writ of habeas corpus was affirmed after an oral argument in which his counsel had not sufficient opportunity fully to present his points and without complete examination of the printed briefs. In order to afford every consideration to the relator and his counsel and in spite of our conclusion at the termination of the oral argument, we have examined the briefs and remain satisfied that there was no merit in the appeal and that the relator is properly held by the immigration authorities as an alien who is unlawfully in the country because the extension of his time for a temporary stay has expired. This is true, whether or not at the time of his first arrest he was a "denizen" of Germany, for when he applied for a writ of habeas corpus he was in the country without any outstanding permit.

The immigration authorities are now holding him as a deportable alien preparatory to conducting administrative hearings, which should and doubtless will be begun after the disposition of the present appeal from the order dismissing the writ of habeas corpus. Inasmuch as the administrative authorities have held no hearings, and no warrant of deportation has been issued, the writ of habeas corpus was properly dismissed, as premature, because the relator had not exhausted his administrative remedy as required by Rule 18 (b) of the District Court for the Southern District of New York and the decisions in United States v. Sing Tuck, 194 U.S. 161, 24 S.Ct. 621, 48 L.Ed. 917; Impiriale v. Perkins, 62 App.D.C. 279, 66 F.2d 805,

certiorari denied 290 U.S. 690, 54 S.Ct. 126, 78 L.Ed. 594.

The contention that the relator should be discharged because deportation to Yugoslavia, the territory of his nativity, or to a proximate country, would involve hardship, depends upon the length of detention necessarily involved, if and when a warrant of deportation issues, the progress of the war, and other conditions that cannot now be foreseen. Moraitis v. Delany, D.C., 46 F.Supp. 425, modified on other grounds in 4 Cir., 136 F.2d 129; United States ex rel. Ross v. Wallis, 2 Cir., 279 F. 401, 404.

The relator is not being held in custody as an alien enemy, for detention under that claim has been abandoned, but is only held under an immigration warrant of arrest, which has resulted in no warrant of deportation. The United States Attorney had the right in this, as in other cases, to determine whether to abandon the claim that relator is held as an enemy alien. Consequently any decision as to his status as an alleged enemy alien involves a moot question, and a writ to release him from the custody of the immigration authorities is at best premature. The decision of the Third Circuit in Ex parte Catanzaro, 138 F.2d 100, which forbade the shifting of a person from one custodian to another in order to defeat a proceeding for a writ of habeas corpus, has no bearing on the present litigation. Here the relator has always been in the custody of the immigration authorities who are merely giving a new reason for his detention. He has not been shifted from one custodian to another so that a writ, if applied for on valid grounds, would be defeated.

The outstanding difficulty with the relator's argument is that it is so purely technical. It depends on ignoring the fact that he is not entitled to a release even though he might prevail if the issue were whether he is a "denizen" of an enemy country. He is held and sought to be deported as an alien remaining in the country without leave and has no right to prevent the trial of that issue by means of a writ of habeas corpus.

We think the relator's appeal was without merit, the order dismissing the writ was properly affirmed, and the petition for a rehearing should be denied.

Petition for rehearing denied.