**UNITED STATES ex rel. RUSSO v. THOMPSON et al.**

No. 154, Docket 21238.

United States Court of Appeals Second Circuit.

Feb. 4, 1949.

William E. Jackson, of New York City, for appellant Frank Russo, and Frank Russo appearing pro se.

John F. X. McGohey, U. S. Atty., of New York City (William J. Sexton, Asst. U. S. Atty., of New York City, of counsel), for respondents-appellees E. E. Thompson et al.

Before AUGUSTUS N. HAND, CLARK, and FRANK, Circuit Judges.

PER CURIAM.

The relator, Frank Russo, is at present confined in the Federal House of Detention, New York City, where he is awaiting exclusion as an immigrant alien. He has sought seven different writs of habeas corpus, each one of which was dismissed by a judge of the District Court for the Southern District of New York. From each order of dismissal, he has appealed.

■ The relator's first writ was based on the contention that he had an unfair hearing and was improperly found by the Board of Special Inquiry to be an alien of Italian birth. There was evidence to this effect and also some proof that the relator was born in the United States and is an American citizen. Disputed questions of fact were involved which were resolved against the relator upon substantial evidence. The record shows that he has been deported on three previous occasions and in each hearing given him was found to be an Italian citizen, in the first hearing on his own admission. We find no merit in the contentions raised by the appeal from the order dismissing this writ or from orders dismissing the later writs in so far as they involved the same contentions.

■ The second writ involved the claim that the relator was illegally held in the Federal House of Detention instead of at Ellis Island. The regulations issued by the Immigration and Naturalization Service, 8 CFR § 150.5(d), 1944 Supp., provide as follows:

"(d) *Detention facilities.* An alien under deportation proceedings not released on bond, or on personal recognizance, or on parole, may be confined only in a detention facility operated by the Service, or in a jail which has been approved by the Service as a detention facility or, upon approval from the Central Office, in some other suitable quarters."

The relator has made no showing that the House of Detention was not thus ap-

proved, in the face of a statement by the Assistant United States Attorney that it was so approved. We can therefore see no merit in his contention that he is improperly confined. Relator's further contention that he is improperly held without bail has no merit. It could reasonably be concluded that such a man should be detained without bail pending deportation when he had recently been convicted of boarding a vessel as a stowaway. Judge Leibell dismissed this second writ after a careful review of the various attempts of the relator to obtain release from confinement and consideration of his claim that he was held in an improper place of detention. We can see no reason for differing with the disposition that this judge made of the proceeding.

The third, fourth and fifth writs came before Judge Medina who conducted hearings at which the relator was present and argued against his detention. In his petitions for these writs he repeated in various forms his claims made upon his applications for the earlier writs, viz., that he was an American citizen and that the House of Detention was an improper place in which to confine him. He further alleged that he was given food inferior to that which he would receive at Ellis Island, that he was denied dental and medical treatment, and that he was given unduly severe punishment for violation of prison rules. Nothing appears in the way of a record to substantiate these charges and the burden of doing so was certainly on the relator. The mere allegation in the petition for a writ did not shift the burden of proof to present evidence of mistreatment at the hearing.

The sixth petition for a writ which involved no new contentions was dismissed after a hearing by Judge Kaufman who also dismissed an additional petition for a writ two days later without a hearing.

A final and seventh petition for a writ came before Judge Clancy with no new claims except that the disciplining of relator in the House of Detention had been "cruel and inhuman." Judge Clancy gave him a hearing but we are not informed ex- cept by allegations in the petition itself as to the actual occurrences.

We can see no basis in any of the foregoing contentions of the relator for disturbing the orders of the court below dismissing his writs, which are accordingly affirmed.