### UNITED STATES ex rel. RUSSO v. THOMPSON, Warden, et al.

#### No. 203, Docket 21932.

United States Court of Appeals Second Circuit.

Argued March 8, 1951.

Decided April 2, 1951.

Writ of Certiorari Denied June 4, 1951. See 71 S.Ct. 1005.

Frederick P. Warne, and Cahill, Gordon, Zachry & Reindel, New York City, for appellant.

Frank A. Russo argued pro se.

Irvin H. Saypol, U. S. Atty., New York City.

William Sexton, New York City, argued, Lester Friedman, New York City, Atty. Immigration and Naturalization Service, U. S. Department of Justice, of counsel, for appellees.

Before L. HAND, AUGUSTUS N. HAND and CLARK, Circuit Judges.

PER CURIAM.

The relator appeals from an order, dismissing a writ of habeas corpus, to enlarge him pending the decision of the Commissioner of Naturalization as to whether he shall be excluded as an alien. The writ was obviously premature so far as it sought a definitive release of the relator from custody, because the final decision to exclude him had not yet been made. United States ex rel. Zdunic v. Uhl, 2 Cir., 144 F. 2d 286. The only color of substance for the writ is the allegation that the Federal

House of Detention is an unlawful place to hold him meanwhile, apparently on the theory that all aliens detained in New York, who have been removed from the ships on which they arrive, must be kept in Ellis Island.

Section 151 of Title 8 U.S.C.A., provides that in exclusion cases the boarding immigration officers may "order a temporary removal of such aliens for examination at a designated time and place". Again, "Where removal is made to premises owned or controlled by the United States," the vessels bringing them are relieved of liability for an escape, but the vessels are liable for the expense of removal and "subsequent detention, pending decision" as to their right to enter. This very general language presupposes authority to detain aliens ashore at any suitable place "owned or controlled by the United States". The Commissioner of Naturalization and Immigration under the Attorney General has general charge of the administration of the immigration laws, and he needs no specific authority to detain aliens ashore wherever he thinks it most suitable, while their right to enter is being decided. Section 147, on which the alien relies, is plainly limited to aliens defective mentally or physically. We held in United States ex rel. Russo v. Thompson, 2 Cir., 172 F.2d 325, that 8 C.F.R. sec. 105.5(d) applied to this very alien although he was then too detained under exclusion proceedings, not under a deportation proceeding. It is true that this regulation speaks only of aliens "under deportation proceedings," and that we appear not to have noticed that it does not literally apply to exclusion. Be that as it may, no regulation is essential, for as we have just said, the Commissioner's general control over immigration includes the detention of aliens pending exclusion proceedings at any proper place.

The relator also asks for a stay in case the Commissioner finally excludes him; but we have no power to stay the exclusion of an alien except as an incident of a pending writ; and here the writ must be dismissed.

Order affirmed, mandate to go down at once.