**FLORENTINE v. LANDON, District Director of Immigration and Naturalization.**

No. 13730.

United States Court of Appeals
Ninth Circuit.

Aug. 27, 1953.

David C. Marcus, Los Angeles, Cal., for appellant.

Walter S. Binns, U. S. Atty., Los Angeles, Cal., Clyde C. Downing, Asst. U. S. Atty., Chief, Civil Division, Max F. Deutz, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before DENMAN, Chief Judge, and HEALY and ORR, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from an order of the United States District Court for the Southern District of California, discharging a writ of habeas corpus.

The question raised by this appeal is whether one who is claiming to be a United States citizen must first exhaust his administrative remedies in deportation proceedings before the question of citizenship may be raised by habeas corpus.

The allegations of the pleadings reveal that Florentine was born on March 18, 1911, in Los Angeles, California. The Director claims that Florentine expatriated himself under Section 401(j) of the Na-

tionality Act of 1940, 58 Stat. 746, former 8 U.S.C. § 801(j), U.S.Code Cong.Service, 1944, p. 743, by leaving the country in time of war and going to Mexico in order to avoid an order of the Selective Service authorities to report for induction. On his seeking to enter the country in 1944, he was excluded from permanent admission but was paroled into the United States to answer the criminal charge arising out of his failure to report for induction. On March 27, 1951, a warrant of arrest was issued on the ground that at the time of his entry in 1944 he was an immigrant alien not in possession of a valid immigration visa. On the same day, Florentine was released on conditional parole. On June 14, 1951, a new order of conditional parole was issued requiring Florentine to produce himself when required to do so; (2) to produce himself for deportation if an order of deportation is made; (3) to furnish additional information relative to his case as required; (4) to notify the Immigration and Naturalization Service of any change of address or employment; and (5) to report in writing to the Service monthly. Deportation proceedings were held in which it was determined that Florentine was a native-born citizen of the United States who had remained out of the United States for the purpose of evading service in the armed forces thereof and that he was therefore an alien at the time of his last purported entry and was not in possession of a valid immigration visa. The deportation proceedings were subsequently re-opened at Florentine's request to permit him to apply for suspension of deportation; but hearings thereon were postponed because of the habeas corpus proceedings in the court below.

The district court concluded that the restraint which existed on Florentine as a result of the order of conditional parole was not sufficient to invoke the jurisdiction of the court on a writ of habeas corpus and ordered the writ previously issued to be discharged.

Florentine had had a full hearing on the deportation proceedings, but they had been reopened at his request. The petition below was filed while the deportation proceedings thus reopened were pending before the Service. Under these circumstances the petition for the writ should have been dismissed as premature. United States v. Sing Tuck, 194 U.S. 161, 24 S. Ct. 621, 48 L.Ed. 917; U.S. ex rel. Russo v. Thompson, 2 Cir., 188 F.2d 244, certiorari denied, 341 U.S. 954, 71 S.Ct. 1005, 95 L. Ed. 1376; U. S. ex rel. Zdunci v. Uhl, 2 Cir., 144 F.2d 286, 287.

There is no merit to Florentine's claim that the fact that he is claiming United States citizenship gives him a right to institute this habeas corpus proceeding without regard to the status of the administrative proceeding. As was stated in United States v. Sing Tuck, supra, 194 U. S. at page 168, 24 S.Ct. at page 623, " * * * it is one of the necessities of the administration of justice that even fundamental questions should be determined in an orderly way. If the allegations of a petition for *habeas corpus* setting up want of jurisdiction, whether of an executive officer or of an ordinary court, are true, the petitioner theoretically is entitled to his liberty at once. Yet a summary interruption of the regular order of proceedings, by means of the writ, is not always a matter of right." Here Florentine is not imprisoned, and if he is successful in his pending proceedings, he will not be. No special circumstances exist why the orderly way provided by Congress to raise the fundamental question of citizenship through the administrative proceedings should not be pursued. They should be carried through to completion before a habeas corpus proceeding may be instituted. Even where a person claiming citizenship is permitted to bring an action for declaratory relief in order to determine citizenship, the administrative remedies must first be exhausted. Cf. McGrath v. Kristensen, 340 U.S. 162, 169, 71 S.Ct. 224, 95 L.Ed. 173.

The judgment of the district court is ordered affirmed.

ORR, Circuit Judge, (concurring).

I concur in the opinion of the Court. In the instant case questions of fact were presented for determination in the deportation action. Under such circumstances the administrative proceedings must be ex-

hausted before habeas corpus can be entertained. It has been held, however, that in a case where a question of jurisdiction is raised and the facts undisputed, leaving for determination solely a question of law, a writ of habeas corpus is a proper remedy even though administrative proceedings have not been exhausted. United States ex rel. Bradley v. Watkins, 2 Cir., 1947, 163 F.2d 328.

I would further affirm on the ground relied on by the trial court that the restraint upon the person of the petitioner by virtue of the order of conditional parole was not sufficient to invoke the jurisdiction of the court on a writ of habeas corpus. Stallings v. Splain, 1920, 253 U.S. 339, 40 S. Ct. 537, 64 L.Ed. 940; In re Rowland, D. C.W.D.Ark.1949, 85 F.Supp. 550, affirmed, 8 Cir., 1950, 179 F.2d 709, certiorari denied, 339 U.S. 952, 70 S.Ct. 841, 94 L.Ed. 1365; Sibray v. United States, 3 Cir., 1911, 185 F. 401.