**NG YIP YEE v. BARBER.**

**No. 14096.**

United States Court of Appeals
Ninth Circuit.

Feb. 4, 1954.

Salvatore C. J. Fusco, San Francisco, Cal., for appellant.

Lloyd H. Burke, U. S. Atty., C. Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, POPE, Circuit Judge, and DRIVER, District Judge.

DENMAN, Chief Judge.

Appellant moves for bail pending an appeal from an order of the district court denying an application for a writ of habeas corpus and discharging an order to show cause previously issued. Appellee has filed a counter motion seeking the dismissal of the appeal on the ground that the action below was premature. Appellant sought the writ to test the validity of his detention by the Immigration and Naturalization Service, hereafter the Service, at a port of entry pending exclusion hearings. He claims a right to enter the United States as a citizen thereof.

The affidavit of Yee's counsel alleges that an application was made to the American consul at Hong Kong for recognition of his claim to citizenship in 1949. On May 26, 1953, the claim was recognized and on July 1, 1953, a passport was issued. On August 20, 1953, the Secretary of State invalidated and revoked the passport theretofore issued. On arrival in the United States on August 27, 1953, Yee was detained by officers of the Service and is still held at the Immigration Station in San Francisco. On September 15, 1953, appellant's application for writ of habeas corpus was filed in the district court below. On September 17, 1953, hearings before a special inquiry officer of the Service were commenced to determine his citizenship and right of entry. These proceedings are still pending.

■ Appellant's contention is that in applying for his passport before the consular office in Hong Kong, he initiated a proceeding before the State Department for the determination of his citizenship. He bases this on Section 104 of the Immigration and Nationality Act, 8 U.S.C. A. § 1104, hereafter the Act, creating the consul to whom he applied an agent of the Secretary of State having the power to hear, examine and determine the claim for citizenship, a proceeding in which he claims the Secretary of State has exclusive jurisdiction under Section 104(a) of the Act reading as follows:

"The Secretary of State shall be charged with the administration and the enforcement of the provisions of this Act and all other immigration and nationality laws relating to * * * (3) The determination of nationality of a person not in the United States."

Hence, it is contended since this jurisdiction of the Secretary of State is exclusive, the Immigration Service officials have no power to detain his person or to determine that he is in fact an alien.

We do not agree. Whatever the powers of the Secretary of State may be, he has not implemented them by rules of procedure for a determination of a claim to citizenship of one arriving at a port in the United States. That field is occupied by the Attorney General by the *specific provisions* of Section 235(a) and (b) of the Act, 8 U.S.C.A. § 1225(a, b), which provide:

"(a) * * * All aliens arriving at ports of the United States shall be examined by one or more immigration officers at the discretion of the Attorney General and under such regulations as he may prescribe. * * * The Attorney General and any immigration officer, including special inquiry officers, shall have power to administer oaths and to take and consider evidence of or from any person touching the privilege of any alien *or person he believes or suspects to be an alien to enter, reenter, pass through, or reside in the United States* or concerning any matter which is material and relevant to the enforcement of this act and the administration of the Service, and, where such action may be necessary, to make a written record of such evidence.

\* \* \* \* \* \*

"(b) Every alien (other than an alien crewman), and except as otherwise provided in subsection (c) of this section and in section 273(d), who may not appear to the examining immigration officer at the port of arrival to be clearly and beyond a doubt entitled to land *shall be detained for further inquiry to be conducted by a special inquiry officer."* (Emphasis supplied.)

The appellant obviously was a person whom the officer of the Service "suspected to be an alien" attempting to enter the United States. Appellant is not in either of the exceptions of Sec. 235(b).

■ Since this administrative proceeding is being conducted by the officer specifically empowered by the statute so to do, appellant has not exhausted his administrative remedy and is not entitled to seek relief through this habeas corpus proceeding, assuming but not deciding that that remedy is available to him if the administrative proceeding is decided against him.

It thus appears that the action below was not within the jurisdiction of the district court. See Florentine v. Landon, 9 Cir., 206 F.2d 870; United States v. Sing Tuck, 194 U.S. 161, 167, 24 S.Ct. 621, 48 L.Ed. 917; United States ex rel. Zdunic v. Uhl, 2 Cir., 144 F.2d 286. We are hence without power in this proceeding to entertain the motion for bail. Since the court below properly dismissed the application for the writ, the motion to dismiss the appeal is granted.