In the Matter of **Frank Alexander RUSSO, Petitioner, Appellant.**

**No. 5369.**

United States Court of Appeals
First Circuit.

Submitted May 5, 1958.

Decided May 19, 1958.

Frank Alexander Russo, pro se.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

Appellant herein, who is now a deportee in Italy, has for a long time asserted that he is a native-born citizen of the United States.

On April 13, 1945, he filed in the United States District Court for the District of Massachusetts a petition for a writ of habeas corpus on the ground that, being an American citizen, he was being held illegally by the immigration authorities as an enemy alien. The case was heard by Judge Ford, who filed elaborate findings of fact to the effect that petitioner's claim to be an American citizen was based upon his unlawful possession of a birth certificate of one Frank Russo purporting to show that the said Frank Russo was born in New Jersey on January 19, 1907; that petitioner was not this Frank Russo, and was not the son of the persons named in the said birth certificate; that petitioner's correct name "is Alessandro Russo and he was born in the Province of Avellino, Italy, in October or November 1904, the son of Peter Russo and Pasqualina Parella, and is not a citizen of the United States." As conclusions of law, Judge Ford stated that petitioner

had failed to sustain the burden of proof that he was an American citizen; and that petitioner was lawfully in the custody of the Immigration and Naturalization Service. An order of the district court was entered on May 4, 1945, denying the writ of habeas corpus and dismissing the petition.

On appeal from this order, we entered an order on August 10, 1945, upon motion by appellee, docketing the case and dismissing the appeal.

Apparently sometime in 1951 appellant was deported to Italy from New York City. See United States ex rel. Russo v. Thompson, 2 Cir., 1951, 188 F.2d 244. At any rate, we know that he is now a deportee in Italy.

On November 7, 1957, appellant filed in the United States District Court for the District of Massachusetts a very inartistically phrased document or petition, described as "In the Matter of the Application of Frank Alexander Russo, Petitioner, for Writ of Habeas Corpus under the Administrative Procedure Act [5 U.S.C.A. § 1001 et seq.]; and for a court order requiring the Consul General of the United States in Naples to issue the petitioner a landing permit for a declaratory judgment trial under the Administrative Procedure Act." This document recites that appellant applied to the American Consul in Naples for a certificate of identity, presumably under the administrative procedures prescribed in the McCarran Act of 1952 (66 Stat. 273, 8 U.S.C.A. § 1503), that the Consul refused to issue such certificate of identity, and that upon review the Secretary of State affirmed the denial by the Consul. This extraordinary document concludes with a prayer as follows:

"I respectfully request that this Honorable Court of Justice hereby grant me a Writ of Habeas Corpus, and to order the Secretary of State, or the Attorney General of the United States, or the Commissioner of Immigration, or the Consul General of the United States in Naples, Italy, or to whomsoever may have custody of me. I am at present in the jurisdiction of the Consul General of the United States in Naples. I request that he be requested to produce me before this court at a time and place therein to be specified and then to receive and do what this court shall order concerning my Nationality or Citizenship."

The court below entered its order on November 8, 1957, denying the petitions for habeas corpus and for declaratory judgment, and a timely notice of appeal was filed to review this order. We have given leave to appellant to file the record on appeal and to docket the case late; but we are now obliged to affirm one aspect of the order, and in another aspect to vacate the order and remand the case for possible further proceedings.

■ The petition fails as one for habeas corpus, if for no other reason because it does not presently appear that petitioner is being held in custody by any American official. Consequently the court below must be affirmed on its denial of the habeas corpus petition.

■ The petition for a declaratory judgment requires different treatment. Even if it be assumed for present purposes that petitioner would have the right under the Administrative Procedure Act to obtain judicial review of the determination by the Secretary of State to affirm the action of the Consul at Naples, and reading the petition for a declaratory judgment liberally as intended to name the Secretary of State as respondent, nevertheless service has not been effected on the Secretary of State. See Connor v. Miller, 2 Cir., 1949, 178 F.2d 755. This being so, the proper course is for the district court to act in accordance with its Rule 12 and permit the petition to remain on the docket for the period stipulated in that rule. Of course, the Secretary would be permitted to move to dismiss the action for lack of proper venue. See Polizzi v. Cowles Magazines, Inc., 1953, 345 U.S. 663, 665, 73 S.Ct. 900, 97 L.Ed. 1331.

A judgment will be entered affirming that part of the order of the District Court denying the petition for habeas corpus, and vacating that part of the order denying the petition for a declaratory judgment and remanding the case to the District Court for further consistent proceedings.