**Rufus Clinton BEAN, Plaintiff,**

v.

**Bruce G. BARBER, as District Director of the United States Immigration and Naturalization Service for the Thirteenth Immigration District, Defendant.**

**No. 36303.**

United States District Court
N. D. California, S. D.
June 27, 1958.

Albert M. Bendich, Staff Counsel American Civil Liberties Union of Northern California, San Francisco, Cal., for plaintiff.

Lloyd H. Burke, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for defendant.

HARRIS, District Judge.

Plaintiff, who was born a United States citizen at Oroville, California, July 31, 1929, the son of United States citizen parents, has commenced an action against the District Director of the United States Immigration and Naturalization Service seeking to enjoin him from excluding plaintiff from the United States. Defendant, relying on Section 212(a) (20) of the Immigration and Nationality Act (8 U.S.C.A. § 1182(a) (20)), answers the complaint by asserting that the special inquiry officer and the Board of Immigration Appeals properly denied plaintiff entry as a citizen of the United States in view of his refusal to answer relevant questions put to him by the officer of the Immigration Service.

The background and facts of this litigation are not in dispute. On April 28, 1953, plaintiff was brought to the United States-Mexican International Boundary at Brownsville, Texas, against his will. He was expelled from Mexico and turned over to waiting United States law enforcement officers who took him as a parolee of the Federal Bureau of Investigation. The purpose of such parole was to permit the United States to prosecute plaintiff for draft evasion.

Following a plea of guilty, plaintiff was sentenced to imprisonment for 42 months for a violation of 50 U.S.C.A. Appendix, 462(a), Selective Service Act of 1948, for having failed to report for induction. He had gone to Mexico with his family the preceding year. When plaintiff completed his sentence he was brought to San Francisco for a continuation of the exclusion proceedings which had been commenced prior to his having been paroled on April 29, 1953.

After having established the fact of his birth in Oroville, California, plaintiff refused to answer questions concerning the reasons for his departure to Mexico in October, 1952, and his avoidance of service in the Armed Forces of the United States. He remained silent on the advice of counsel.

The special inquiry officer (later affirmed by the Board of Immigration Appeals), did not rule that plaintiff had expatriated himself from United States citizenship; rather he held that "the refusal of the applicant to testify makes impossible a determination as to expatriation and no decision is reached on that point." He held that plaintiff was barred from the United States on the ground that he was an immigrant not in possession of an immigrant visa. 8 U.S.C.A. §§ 1182(a) (20), 1225(a).

Plaintiff contends that as a citizen of the United States he cannot be excluded from this country. He points out that the burden of proof in an expatriation proceeding is on the government after he has established his United States birth. Pandolfo v. Acheson, 2 Cir., 202 F.2d 38; cf. Trop v. Dulles, 356 U.S. 86, 78 S.Ct. 590, 2 L.Ed.2d 630. Further, the government must prove its case by clear, unequivocal and convincing evidence. Gonzales v. Landon, 350 U.S. 920, 76 S.Ct. 210, 100 L.Ed. 806. Plaintiff contends that while the government may not have ordered his expatriation, its ruling is equivalent to such action. Yet it took such steps without maintaining the burden of proof.

Defendant's position rests on its interpretation of the scope of 8 U.S.C.A. § 1225(a). If it be assumed that plaintiff is an alien, then the section has application to the case at bar. But such assumption cannot be made, for this is the very point at issue. While plaintiff cannot circumvent the administrative process by his present action (Ng Yip Yee v. Barber, 9 Cir., 210 F.2d 613), he may not be excluded as an alien when he has established his birth and citizenship in the United States on a prima facie basis. Cf. Perez v. Brownell, 356 U.S. 44, 78 S.Ct. 568, 2 L.Ed.2d 603. This he has done without dispute.

However reprehensible the conduct of plaintiff in absenting himself from the United States in order to avoid service in the Armed Forces, he cannot be required to forfeit his established citizenship as the result of procedural legerdemain. Section 8 U.S.C.A. § 1182 has no application under the facts herein. Therefore, plaintiff is entitled to remain in this country absent legal and appropriate steps to deport him.

It is ordered that plaintiff's motion for summary judgment be, and the same hereby is, granted. Plaintiff to prepare findings of fact, conclusions of law and judgment.