**Frank Alexander RUSSO, Petitioner, Appellant,**

v.

**UNITED STATES IMMIGRATION COMMISSIONER et al., Respondents, Appellees.**

No. 6489.

United States Court of Appeals First Circuit.

Submitted Feb. 8, 1965.

Decided March 1, 1965.

Frank Alexander Russo, pro se.

Before ALDRICH, Chief Judge, and WOODBURY, Senior Circuit Judge (by designation).

ALDRICH, Chief Judge.

Petitioner, Frank A. Russo, presently commorant in Naples, Italy, has, over the past 25 years, claimed to be a citizen of the United States by birth, has been deported, and as thereafter re-entered illegally and been deported again. In a series of proceedings in the district court he has sought to prove United

States citizenship. One of these went to trial in 1945 and resulted in a finding on the merits that he was born in Italy to Italian parents. An appeal was dismissed for want of prosecution.

In 1951 petitioner sought unsuccessfully to reopen the 1945 proceedings. He later reached this court on what the court took to be a petition for habeas corpus and review under the Administrative Procedure Act of a decision by the Secretary of State affirming the denial of a "certificate of identity" which would have enabled petitioner to travel to the United States and apply for admission. 8 U.S.C. § 1503(b). In view of his not having made service upon the Secretary of State, in a full opinion, In re Russo, 1 Cir., 1958, 255 F.2d 97, we remanded the action to the district court to afford him the opportunity to do so. Nothing developed.

Petitioner has now instituted new proceedings, allegedly under the Administrative Procedure Act, asking simply for a determination that he was illegally deported, naming the United States Immigration Commissioner, Washington, D. C., the United States Consul General, Naples, Italy, and the United States Coast Guard Commander, Naples, Italy, as respondents. The district court, taking judicial notice of the 1945 determination, held it to be res judicata and summarily dismissed the petition. Thereafter it authorized the petitioner to appeal in forma pauperis.

■ Our decision in In re Russo, supra, may suggest that the issue of res judicata was not a matter for determination without the acquisition of personal jurisdiction over a defendant. However, we must note that the district court lacked subject-matter jurisdiction altogether of the present proceeding. The petition could not be reconstructed as one for habeas corpus, 8 U.S.C. § 1105a(a) (9) and (b), because petitioner has been deported and is not in custody. In re Russo, supra, at 98. As simply a petition to review a determination of his citizen-

ship jurisdiction lay in this court, not the district court. 8 U.S.C. § 1105a(a).

■ Nor will we treat the appeal as an inartistic initial petition filed in this court. Even as such it would have many defects, the most obvious of which is that it is several years too late. 8 U.S.C. § 1105a(a) (1).

The appeal, however, must be allowed. Judgment will be entered vacating the judgment of the district court which dismissed the petition on the merits and remanding the action to the district court with directions to dismiss for lack of jurisdiction.