**Application of Alex ARGYROS as next friend of Georgios Argyros for an order vacating the deportation order against Georgios Argyros.**

United States District Court
S. D. New York.
Sept. 11, 1965.

Siwek, Zimmerman, Silberkleit & Kassow, New York City, for petitioner; Eugene Parlin, New York City, of counsel.

Robert M. Morgenthau, U. S. Atty., Southern Dist. of New York, for respondent; Francis J. Lyons, Sp. Asst. U. S. Atty., Southern Dist. of New York, of counsel.

METZNER, District Judge.

This proceeding to vacate an outstanding order of deportation against an alien presently in custody was instituted by the cousin of the alien "as next friend."

The proceeding was initiated by petition and order to show cause. The proper procedure should have been by institution of habeas corpus proceed-

ings (8 U.S.C. § 1105a(a) (9)). The Immigration and Naturalization Service has treated the proceeding as though it were an order to show cause why a writ of habeas corpus should not be granted (28 U.S.C. § 2243). The court adopts this view of the proceedings.

■ The petition affirmatively shows that no appeal was taken from the decision of the Special Inquiry Officer, and since more than 10 days have elapsed since the stating of the oral decision by that officer, the time to take such appeal has expired. 8 C.F.R. § 242.21 (1965). There has thus been a failure to exhaust administrative remedies. Siaba-Fernandez v. Rosenberg, 302 F.2d 139 (9th Cir. 1962); Samala v. Immigration and Naturalization Service, 336 F.2d 7 (5th Cir. 1964).

■ Section 1105a(c) provides that review of an order of deportation may not be had if an alien has not exhausted his administrative remedies. For this reason a writ of habeas corpus may not issue here. United States v. Sing Tuck, 194 U.S. 161, 24 S.Ct. 621, 48 L.Ed. 917 (1904); United States ex rel. Zdunic v. Uhl, 144 F.2d 286 (2d Cir. 1944); Florentine v. Landon, 206 F.2d 870 (9th Cir. 1953); Gordon & Rosenfield, Immigration Law and Procedure 819–22 (1964).

■ In any event, after reading the record, the application for the relief sought must be denied on the merits. While the alien was literate only in the Greek language, an interpreter was used in conducting the hearing before the Special Inquiry Officer. The alien was represented by counsel, although not the same counsel as appears in the instant proceedings. The request for voluntary departure was specifically withdrawn in the midst of the cross-examination of the alien after a recess in which the alien conferred with counsel. In response to questions by the Special Inquiry Officer, the alien clearly indicated that he understood that he was withdrawing the application for voluntary departure. There is no issue as to the deportability of the alien.

Motion denied. So ordered.