ANA MARGARIDA WIDOW OF ITURREGUI, Plaintiff and Appellant, v. COMMONWEALTH OF PUERTO RICO and PUERTO RICO PLANNING BOARD, Defendants and Appellees.

No. R-69-84.     Decided December 16, 1970.

*Vicente Santori Coll* for appellant. *J. F. Rodríguez Rivera, Acting Solicitor General,* and *Federico Rodríguez Gelpí, Assistant Solicitor General,* for appellees.

Mr. Justice Ramírez Bages delivered the opinion of the Court.

Appellant alleged in her complaint that the Planning Board, by mutual agreement with the Commonwealth, has entirely limited and restricted the use by her of her property of 16.0320 cuerdas situated in ward Sabana Llana of San Juan, since the year 1956, under the assumption of a future condemnation for the purpose of constructing a state road; that such condemnation has not been performed, which is equivalent to deprivation against appellant of the use, enjoy-

ment, and benefit of said property without the due process of law and without just compensation. She moved for judgment against appellees, ordering them to take possession of the property paying appellant $1,280,000 as reasonable value and just compensation for said acquisition, or if this is not done within the term granted therefor, to release the property from said restriction, appellees being bound in such case to compensate appellant for the damages sustained.

The trial court, at the request of the appellees, dismissed the complaint because it did not allege that appellant had resorted previously to the Planning Board requesting that the alleged restriction or limitations be eliminated, set aside, revoked, or modified; that according to *Waymouth Corp.* v. *Planning Board*, 80 P.R.R. 599, 601 (1958), the reservation for public use does not mean that the right of ownership is wholly suspended, since the Board may agree to grant variances to the restriction; that the administrative channels should be previously exhausted as we decided in *Commonwealth* v. *12,974.78 Square Meters*, 90 P.R.R. 494, 500 (1964).

Feeling aggrieved, appellant assigns that the trial court erred because "there existed for said plaintiff-appellant a choice of remedies between the one pointed out by the trial court, that of resorting to the administrative agency, and the direct judicial action before the Superior Court of San Juan . . . . In this sense, it is significant to point out that grounded on these constitutional provisions the right arising in favor of plaintiff-appellant is independent of the use to which she may devote the property in question. For such reason it is irrelevant whether or not she has requested, under § 9.00 of Planning Regulation No. 4, a variation or modification of the restriction of use to which the property was subjected by reason of being included in an official map"; that in effect appellant has alleged a cause of action called "inverse taking" or "inverse condemnation."

■ Presumably, appellant grounds her action in the provision of § 2 of Act No. 104 of 1955 (32 L.P.R.A. § 3077 (b)), which authorizes actions against the State to recover real or personal property, or an interest therein. But § 4 of said Act (32 L.P.R.A. § 3079), provides that nothing provided in the section previously cited shall affect actions covered by specific legislation, which actions shall continue to be conducted under the applicable laws. Such specific legislation exists under Planning Regulation No. 4 of June 22, 1955 (23 R.&R.P.R. § 9–52 (b) (4)) and § 26 of the Puerto Rico Planning and Budget Act (23 L.P.R.A. § 28), in relation to cases like the one at bar.

We said in *Waymouth, supra* at pp. 601, 602 that:

"The fact that a great portion of said land is reserved for public use does not mean that the right of ownership over the same is wholly suspended.

.   .   .   .   .   .   .   .

"The most advisable thing at this moment is to remand the case so that the Board may determine not only the reasonableness of the time that has elapsed from the declaration of the reserve for public use, without the State having begun the condemnation proceeding, but also how much longer will the condemnation proceeding last, to enable this Court to determine, as a question of law, if the refusal to allow the owner to use its property, results arbitrary, unreasonable or confiscatory."

■ A doctrine consecrated in this jurisdiction in cases like the one at bar is that judicial action may not be invoked until the administrative remedies available have been exhausted. *Commonwealth* v. *12,974.78 Square Meters, supra; López* v. *Planning Board,* 80 P.R.R. 625, 643 (1953).

■ The requirement of exhausting the administrative remedy may be disregarded in cases where it is shown that (1) the administrative action would cause an imminent material, substantial, and not theoric or speculative injury, where the balance of conveniences between the damages

which may be caused and the rule in question justify a deviation from the latter; (2) the administrative remedy constitutes a futile and useless gesture and does not provide the proper relief. *Abelleira* v. *District Court of Appeal, Third District,* 109 P.2d 942 (Cal. 1941); *State Personnel Board* v. *Superior Court,* 345 P.2d 978 (Cal. App. 1959); *Greenblatt* v. *Munro,* 326 P.2d 929 (Cal. App. 1958); III Davis, Administrative Law Treatise 97, § 20.07, Davis, *Administrative Law Doctrines of Exhaustion of Remedies, Ripeness for Review, and Primary Jurisdiction,* 28 Texas L. Rev. 168, 174 (1949).

In the case at bar, it does not appear that the aforementioned restriction of use of the property, which has been permitted without objection for some 14 years, shall cause damages of the afore-indicated nature which justify exempting appellant from exhausting the administrative remedies.

Appellant states that she has exhausted the administrative procedures, since she timely consulted the Planning Board on the location of a residential urbanization project in the property in question, and that said Board determined that it did not consider feasible the urbanization of said land "because the same was reserved as right-of-way for the future 'Expreso Ramal Este.'" The Solicitor General states that this is not true because there is no evidence that appellant appealed from said decision to the Board of Appeals as provided by § 26 of the Puerto Rico Planning and Budget Act (23 L.P.R.A. § 28).[1]

As part of the rule which requires exhaustion of the administrative remedies before resorting to the courts, it is a requisite that the available administrative appeal procedure be exhausted. *Abelleira, supra; City of Edwardsville* v. *Illi-*

---

[1] The Solicitor General has only mentioned the requirement of appeal. The best practice would be to instruct us as to the availability of the appeal in this case and with respect to the grounds and authorities on which he bases his statement.

*nois Commerce Com'n,* 104 N.E.2d 283 (Ill. 1952) ; *Application of Alex Argyros,* 245 F.Supp. 190 (U.S.D.C. N.Y. 1965) ; III Davis, Administrative Law Treatise 104, § 20.08.

In view of the fact that the decision of the Planning Board concerning the aforementioned consultation of location constitutes a ruling as to the use of the land, appellant could not only request the reconsideration of said decision but also take appeal from the same before the Board of Appeals. (23 L.P.R.A. § 28; 23 R.&R.P.R. §§ 9–51 to 9–53.) [2]

The foregoing must not be understood as any impediment whatsoever for appellant to exhaust any available administrative remedy at law to release the property in question from the limitation of use to which it has been subjected, or to condemn the same, or in the event that the proper administrative remedy is not available or cannot be obtained, to any judicial relief for that purpose.

In view of the fact that the available administrative action in relation to the aforementioned ruling of the Board has not been exercised, we must conclude that appellant has not exhausted the administrative procedure provided by law in cases like the one at bar, and therefore, the judgment of the trial court must be affirmed.

The Chief Justice, Mr. Justice Hernández Matos, and Mr. Justice Dávila did not participate herein.

---

[2] Section 26 (23 L.P.R.A. § 28) of the Planning Act provides that:
"Any party directly interested in the issuance or refusal of . . . land or building use permit, . . . may present to the Board of Appeals certified copies of any . . . decision or resolution of the . . . Planning Board . . . to be reviewed by the Board of Appeals. . . ." In practice, the negative ruling of the Planning Board in consultations of location are brought before the Board of Appeals and reviewed by the latter under the authority of such provision.